UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
FEB 5  2 34 PM '04

JANET MOAZED

3:02 CV 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION          January 13, 2004

**DEFENDANT' FIRST UNION MORTGAGE CORPORATION'S
MOTION FOR RULE 11 SANCTIONS AND MEMORANDUM OF LAW**

Defendant, First Union Mortgage Corporation n/k/a Wachovia Mortgage Corporation ("First Union"), Moves the Court to enter Sanctions under Fed. R. Civ. P. 11, based upon factually unsupported allegations in the Plaintiff's Complaint and her Objection to the Defendant's Motion for Summary Judgment.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action was filed by Plaintiff, Janet Rossman Moazed ("Rossman") in January, 2002, claiming she rescinded a mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Union under Connecticut and United States truth in lending laws. The mortgage secures a note executed by Farzad Moazed in the original principal amount of $535,000 on certain real property known as 367 West Hill Road, Stamford, Connecticut ("property"). The record owner of the property is Rossman but the obligor under the Note is Moazed.

1

The Complaint alleges that the First Union took no steps within the 20 day period provided under Regulation Z and 15 USC 1635 to respond to the Plaintiff's letter seeking recission of the mortgage. This is patently false. In the prior mortgage foreclosure action in which Plaintiff's current counsel represented Ms. Rossman, a Motion for Extension of Time to respond to the recission claim was filed and granted by the Court. A copy of the motion is attached hereto as exhibit "A" and a copy of the transcript of the hearing is attached hereto as exhibit "B". No colorable claim can be made that no response was made by First Union. An order of the Superior Court entered which extended the time period to respond until November 14, 2001. On November 13, 2001, the Superior Court extended the time to respond until November 19, 2001. (See copy of transcript of hearing of 11/13/01 attached as Exhibit "C"). On November 19, 2001, the Court extended the time period to respond until December 18, 2001. (See copy of transcript of 11/19/01, pp. 23-24, Exhibit "D") On December 17, 2001, First Union argued its Motion to Disgorge to the Superior Court. (see copy of transcript of 12/17/01, Exhibit "E").. Prior to the expiration of the time periods as extended, first Union also filed and argued a Motion to Disgorge, a copy of which is an exhibit in the Defendant's Summary Judgment exhibits. On December 18, 2001, First Union filed with the Superior Court and on the land records, its truth in lending response, and further tendered monies on that date, which were rejected by the Plaintiff. (Exhibit "DD" to Defendant's Motion for Summary Judgment and Affidavit in Support of Summary Judgment). The Superior Court scheduled a hearing on these

2

filings for January 28, 2002, which was rescheduled by the Court for February 25, 2002. (Exhibit "W" to Summary Judgment Motion).

On January 16, 2002, the instant action was filed by Rossman, asserting Three Counts: First Count : failure to issue required disclosures, failing to deliver two copies of the notice of right to cancel and failure to terminate the security interest within 20 days as claimed to be required under federal truth in lending laws, 15 USC section 1638(b); 15 USC section 1635(b); Second Count: violations of Connecticut truth in lending laws, CGS 36a-683, which claims mirror the First Count; and the Third Count- a violation of the Connecticut Unfair Trade Practices Act, CGS 42-110g, et seq.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 11(b) requires that a party , by signing a pleading, "is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances…(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery."The Plaintiff was aware of all of the responses of record in the mortgage foreclosure, and that the Court extended the time period to respond. The allegations in the Complaint and the Objection to the Motion for Summary Judgment that First Union *failed to respond within 20 days* is simply untrue and the transcripts and pleadings from the foreclosure support the false representation of the facts. Plaintiff was obligated to allege correct facts, regardless of its view of the existing law under truth in lending. It is respectfully submitted that the incorrect factual recitation was interposed to achieve a

3

tactical advantage but has never been supported by any evidence ever submitted by the Plaintiff in this case.

The purpose of Rule 11 is to deter abuses that harm the opponent, not the client. Mark Industries, LTD v. Sea Captain's Choice, Inc., 50 F. 3d 730 (9th Cir. 1995). Sanctions may not be imposed unless a particular allegation is utterly lacking in support. O'Brien v. Alexander, 101 F. 3d. 1479 (2nd Cir. 1996). In this case, the factual assertions of the Plaintiff that no response was occurred within 20 days of the recission notice is simply untrue. Such an allegation has very little to do with trying to extend or modify existing legal authority, since the contention here is that there was a misrepresentation of the facts. The Complaint states as follows:

> 21. Within 20 calendar days of receiving the Recission Notice, the Defendant, First Union took no affirmative steps to reflect that the security instrument in the property was terminated.

The record and the evidence show that a document was recorded on the Stamford land records, contesting the validity of the recission. (see First Union's Affidavit in Support of Summary judgment). Paragraph 24 of the Complaint admits the filing was made. Furthermore, paragraph 27 ( c) makes the same allegation as paragraph 21.

The Plaintiff's Objection to First Union's Motion for Summary Judgment states at page 3: " and First Union failed to take any steps to terminate its security interest (mortgage) within twenty (20) calendar days of the recission." This allegation is repeated at page 4. Perhaps more egregious is the following allegation at page 11: "The plaintiff claims in her complaint that First Union's failure to timely respond to the recission notice, or to request within the 20 day period an equitable modification permitted by Reg. Z § 226.23(d)(4) is a separate truth in lending violation." This

4

allegation is totally factually unsupported and was interposed to mislead the Court as to the facts. Timely court intervention was sought and obtained, as set forth in the enclosed transcripts, in which First Union argued its Motion to Disgorge and was awaiting ruling when the Plaintiff launched a preemptive strike with this Complaint. The mispleading continues at page 12: "By failing to perform by either beginning to release the security instrument within the 20 day period or by requesting the court's modification powers within such time period, First Union has interfered with the consumers' statutory right of recission and thwarted the self-enforcing design of the statutory and regulatory process." The Plaintiff's complete failure to reference the valid orders of the Superior Court cannot survive the test of reasonable inquiry.

It is respectfully submitted that the Superior Court was in the process of adjudicating the issues in this case when the instant Complaint was filed. Perhaps unhappy with the rulings in the Superior Court, the Plaintiff filed the instant case, with pleadings identified above which contain factual allegations that lack any evidentiary support. First Union has been prejudiced by the mispleading of the Plaintiff, having to defend the instant case, engage in discovery, and currently to pursue this Motion. A party may assert contradictory statements of fact only when legitimately in doubt about the facts in question. American International Adjustment Co. v. Galvin, 86 F. 3d 1455 (7th Cir. 1996). In this case, the Plaintiff was at all times aware of the facts. First Union Moves the Court to Sanction the Plaintiff for the full amount of the legal fees incurred to defend this case, plus costs. Gurary v. Nu-Tech Bio Med, Inc., 303 F. 3d 212 (2nd Cir. 2002), *cert denied* 123 S. Ct. 1583 (2003), *on*

*remand* 270 F. Supp. 2nd 425 (2003). First Union provided Plaintiff notice of the filing of this motion, but no response was received. (See attached Exhibit "F").

In the event this Motion is granted, the Defendant will submit an Affidavit of legal fees and costs.

First Union Mortgage Corporation n/k/a
Wachovia Mortgage Corporation.

By:_____
Geoffrey K. Milne ct/12854
Hunt Leibert Chester & Jacobson
50 Weston Street
Hartford, CT 06120
860-240-9140
860-808-0625 facsimile GMilne@hlcj.com

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed via us mail, postage prepaid, on January 13, 2004 to the following:

M. Dean Montgomery, Esq.
Bentley Mosher Babson & Lambert, P.C.
321 Railroad Avenue
P.O. Box 788
Greenwich, CT 06836

Farzad Moazed
Pro Se
210 River Run
Greenwich, CT 06831

_____
Geoffrey K. Milne ct/12854