**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                      3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT A

DOCKET NO. CV-01-0185505 S

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : : | STAMFORD/NORWALK |
| | : | AT STAMFORD |
| FARZAD MOAZED AND JANET | : | |
| ROSSMAN A/K/A JANET MOAZED | : | SEPTEMBER 24, 2001 |

### Request For Production

    The Defendant, Janet Moazed requests pursuant to Sec.13-9 of the Practice Book that the Plaintiff furnish copies or other reproductions of any and all documents, writings, or other instruments whether signed by her, Farzad Moazed, or any other person in connection with the Note and Mortgage dated November 6, 2000 to Mortgage Electronic Registration Systems Inc., as nominee for First Union Mortgage Corporation, and any other documents, instruments, communications, correspondence, or writings of any kind which make up, constitute, are a part of, were a part of, or may become a part of the loan file and mortgage referred to in Paragraphs 3 and 4 of the Plaintiff's complaint.

                                  DEFENDANT
                                  Janet Moazed

                                  By
                                  M. Dean Montgomery, Esq.
                                  Bentley, Mosher, Babson & Lambert, PC
                                  321 Railroad Avenue
                                  P.O. Box 788
                                  Greenwich, CT 06836-0788
                                  (203) 629-2424
                                  Juris No. 101537

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                      3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT B

DN CV 01-0185505                                SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                      J.D. OF STAMFORD/NORWALK

V.                                             AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN                                   OCTOBER 15, 2001


## OBJECTION TO PRODUCTION REQUESTS

    Plaintiff Objects to the Production Requests herein by the Defendant, Janet

Rossman,on the basis that they are identical but appear to have been issued on different

dates and if so are duplicative. The production requests are also overly broad, unduly

burdensome and are not reasonably calculated to lead to the discovery of admissible

evidence. The production requests also appear to violate C.G.S. 36a-42 in that they seek

the production of financial records of Defendant, Farzad Moazed, the borrower in this

case, without compliance with the provisions for disclosure of confidential bank records.

As it appears a marital dissolution may be occurring, Plaintiff does not wish to be in the

middle of such a dispute and any efforts to use such bank records for other proceedings.

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET ● HARTFORD, CONNECTICUT 06106 ● (860) 246-5889 ● JURIS NO. 101589

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

JANET MOAZED                                    3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED


# EXHIBIT C

DOCKET NO. CV-01-0185505 S

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC | : | SUPERIOR COURT |
| REGISTRATION SYSTEMS, INC. | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : | STAMFORD/NORWALK |
| | : | AT STAMFORD |
| FARZAD MOAZED AND JANET | : | |
| ROSSMAN A/K/A JANET MOAZED | : | SEPTEMBER 25, 2001 |

### Disclosure of Defense

The Defendant Janet Rossman a/k/a Janet Moazed, by and through her undersigned attorneys, believes there is a bonafide defense to the Plaintiff's Complaint, and such defenses will be made. The substance of such defenses include one or more of the following:

1. Said Defendant has rescinded the transaction pursuant to 15 U.S.C. Sec.1635, et. seq.

2. As a result of the Defendant's rescinding the transaction, there is no security interest on the Defendant's property that may be foreclosed by the Plaintiff.

3. The Plaintiff failed to provide said Defendant with disclosures required by 15 U.S.C. Sec.1604.

4. The Plaintiff failed to provide said Defendant with two (2) copies of the Right to Cancel pursuant to Regulation Z, Sec.226.15(b) and Sec.226.23(b).

5. The Plaintiff failed to give said Defendant with any Notice of Default required by Paragraph 22 of the mortgage prior to accelerating the debt.

DEFENDANT
Janet Moazed

By
M. Dean Montgomery, Esq.
Bentley, Mosher, Babson & Lambert, PC
321 Railroad Avenue
P.O. Box 788
Greenwich, CT 06836-0788
(203) 629-2424
Juris No. 101537

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                        3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT D

DN CV 01-0185505                         SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.               J.D. OF STAMFORD/NORWALK

V.                                       AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN                            OCTOBER 3, 2001


## MOTION FOR EXTENSION FO TIME

Plaintiff Moves the Court for a 30 day extension of time to respond to any Federal

or state truth in lending notices which may have been issued by the Defendant, Janet

Moazed's Disclosure of Defense dated September 25, 2001. This extension of time is

sought up to an including Wednesday, November 14, 2001. Under Federal Truth in

Lending laws, a creditor is provided 20 days after issuance of an applicable notice in

which to respond to any claims of recission. This extension is in addition to those 20

days, not in lieu thereof.


The Plaintiff,

By
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106


HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET   ●   HARTFORD, CONNECTICUT 06106   ●   (860) 246-5889   ●   JURIS NO. 101589

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                           3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT E

DOCKET NO. CV-01-0185505 S

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC | : | SUPERIOR COURT |
| REGISTRATION SYSTEMS, INC. | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : : | STAMFORD/NORWALK |
| | : : | AT STAMFORD |
| FARZAD MOAZED AND JANET | : | |
| ROSSMAN A/K/A JANET MOAZED | : | OCTOBER 5, 2001 |

## Objection To Plaintiff's Motion For Extension Of Time

The Defendant Janet Moazed objects to the Plaintiff's Motion For Extension Of Time because such extension would be in contravention of the clear Congressional mandate that a creditor must take the required action within twenty days, or it may be subject to additional penalties under the Truth In Lending Statutes (15 U.S.C. §1635; Reg. Z § 226.23).

When a consumer rescinds a transaction subject to the Truth In Lending Act, the security interest on the property becomes automatically void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice.

The second step in the recission process after the automatic termination of the security interest is the creditor's obligation to terminate the security interest. The third step in the recission process is for the consumer tender and deliver to the creditor within 20 days any money or property that has been delivered by the consumer. However, in the unusual facts of this foreclosure action, the Defendant Farzad Moazed has liability on the note, and the Defendant Janet Moazed has no liability on the note. She only signed the security instrument. In this instance, the Defendant Janet Moazed would have no obligation to return any money received by the Defendant Farzad Moazed since she did not receive any of that money.

In *Eveland v. Star Bank, N.A., 976 F.Supp. 721 (S.D. Ohio 1997)*, the court looked to the plain language of Regulation Z to hold that the creditor must first take the necessary action to terminate the security interest before the consumer is obligated to tender; the owner of the property subject to the security interest who did not receive the proceeds of the loan or the benefit therefrom is not required to make the tender required by the third step above mention. The statute places the burden of first performance on the creditor, the party who has violated the law. While the court has the equitable power and authority to condition recission upon tender, the Plaintiff has not requested such equitable relief. Even if it had, it would not be entitled to such relief because it was the creditor who chose to structure the transaction in this manner.

Oral Argument Requested/Testimony Not Required

Further, the Plaintiff has failed to explain or show cause in any manner why it should be entitled to the relief sought. Clearly, a request to modify Federal Law and to request an extension of time is seeking an equitable remedy or relief, and the Plaintiff has failed to show why it is entitled to such relief. Without such showing, this court is powerless to grant the extraordinary relief requested in the Plaintiff's motion.

The granting of additional time to comply with Federal law should not be tampered with lightly when no such provision is found in Federal law.

Therefore, the Plaintiff's Motion For Extension Of Time should be denied.


DEFENDANT
Janet Moazed


By_____
M. Dean Montgomery, Esq.
Bentley, Mosher, Babson & Lambert, PC
321 Railroad Avenue
P.O. Box 788
Greenwich, CT 06836-0788
(203) 629-2424
Juris No. 101537


## Order


The foregoing objection having been heard, it is hereby sustained/overruled.


_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                        3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT F

DOCKET NO. CV-01-0185505 S

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC | : | SUPERIOR COURT |
| REGISTRATION SYSTEMS, INC. | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : | STAMFORD/NORWALK |
| | : | AT STAMFORD |
| FARZAD MOAZED AND JANET | : | |
| ROSSMAN A/K/A JANET MOAZED | : | OCTOBER 5, 2001 |

## Notice of Deposition

Pursuant to Sec. 13-26 of the Rules of Practice, the Plaintiff hereby gives notice that it shall take the deposition of Jody L. Rapoport, on October 15, 2001, at 10:00 a.m. at the office of Bentley, Mosher, Babson & Lambert, P.C., 321 Railroad Avenue, Greenwich, Connecticut, before a certified court reporter, or other competent authority. These depositions will be continued from day-to-day until completed.

ALSO TAKE NOTICE that pursuant to Sec. 13-27 of the Connecticut Practice Book, the deponent is required to produce at the time and place of said deposition all documents including, but not limited to, telephone message pads, memoranda, correspondence, letters, bank records, payment histories, copies of checks, invoices, mortgage applications, contracts, bills of sale, deeds and notes and any other document regarding a certain refinance of property located at 367 West Hill Road, Stamford, Connecticut, dated October 15, 2001. Said property is secured by a first mortgage which is presently held by Plaintiff, Mortgage Electronic Registrations Systems, Inc.

ALSO TAKE NOTICE that pursuant to Sec. 13-27, et. seq. of the Connecticut Practice Book, documents and records include, but are not limited to, writings, drawings, graphs, charts, photographs, phono-graphic and electronic recordings, and all other tangible items in the custody, control or possession of the requested party.

DEFENDANT
Janet Moazed

By _____
M. Dean Montgomery, Esq.
Bentley, Mosher, Babson & Lambert, PC
321 Railroad Avenue
P.O. Box 788
Greenwich, CT 06836-0788
(203) 629-2424
Juris No. 101537

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET MOAZED

3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT G

DN CV 01-0185505                          SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                J.D. OF STAMFORD/NORWALK

V.                                        AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN,                            OCTOBER 9, 2001


### OBJECTION TO MOTION FOR EXTENSION OF TIME

Plaintiff Objects to the Defendant, Janet Moazed's Motion for Extension of time to plead dated October 5, 2001.

1.  This is a mortgage foreclosure action. Accordingly, a responsive pleading is due within 15 days of the return date. Practice book Section 10-8. The return date was September 18, 2001.

2.  Defendant has already plead a series of purported defenses in her "disclosure of defense" dated September 25, 2001.

3.  The Practice Book does not suspend any pleading requirements in order that discovery may be completed.

4.  A purported violation of any truth in lending laws is not a defense to a mortgage foreclosure.

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET ● HARTFORD, CONNECTICUT 06106 ● (860) 246-5889 ● JURIS NO. 101589

The Plaintiff,

By
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106

ORDER

GRANTED/DENIED

_____
Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                    3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT H

DN CV 01-0185505                           SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                 J.D. OF STAMFORD/NORWALK

V.                                         AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN                              OCTOBER 10, 2001


### MOTION FOR PROTECTIVE ORDER

Plaintiff Moves the Court for the entry of a Protective Order and to Quash any

subpoena duces tecum issued to Attorney Jody Rapoport by the Defendant, Janet

Rossman. A copy of the Notice of Deposition is enclosed.

1. Defendant, Rossman, is not the borrower in this case.

2. The Notice of Deposition seeks to depose the closing lawyer in the underlying

   transaction and further seeks the production of documents which may be priviledged

   under either the attorney client priviledge or the work/product doctrine. Such

   protections would extend to the lender and the borrower, Farzad Moazed, if there

   were joint legal representation. Nonetheless, Ms. Rossman cannot compel discovery

   of documents or testimony encompassed within any such priviledged area.

3. Any bank records of Defendant, Farzad Moazed, are also protected under C.G.S. 36a-

   42 in that Mr. Moazed is entitled to service of a subpoena and an opportunity to quash

   before such records may be produced. C.G.S. 36a-43.

4. Plaintiff Moves the Court for the entry of a Protective Order and to Quash any

subpoena duces tecum which may have been issued in accordance with Practice Book

Section 13-5.


The Plaintiff,


By
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106


ORDER

GRANTED/DENIED


_____

Judge


HUNT LEIBERT CHESTER & JACOBSON, P.C. • ATTORNEYS AT LAW
94 HUNGERFORD STREET • HARTFORD, CONNECTICUT 06106 • (860) 246-5889 • JURIS NO. 101589

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET MOAZED                                    3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT I

DN CV 01-0185505                          SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                J.D. OF STAMFORD/NORWALK


V.                                        AT STAMFORD


FARZAD MOAZED AND
JANET ROSSMAN                             OCTOBER 11, 2001


## MOTION FOR PROTECTIVE ORDER

Plaintiff Moves the court for the entry of a Protective order and to Quash any

subpoena duces tecum issued to attorney Jody Rapoport by the Defendant, Janet

Rossman. A Copy of the Re-notice of Deposition is attached hereto.

1. Defendant, Janet Rossman, is not a borrower in this case.

2. The Re-Notice of Deposition seeks to depose the closing lawyer in the underlying

   transaction and further seeks the production of documents which may be priviledged

   under either the attorney client priviledge or the work/product doctrine. Such

   protections may extend to the borrower and the lender in this matter. Nonetheless,

   Ms. Rossman cannot compel discovery of documents or testimony within any such

   priviledged areas.

3. Any bank records of Defendant, Farzad Moazed, are also protected under C.G.S. 36a-

   42 in that Mr. Moazed is entitled to service of a subpoena and an opportunity to quash

   before such records may be produced. C.G.S. 36a-43.


HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET ● HARTFORD, CONNECTICUT 06106 ● (860) 246-5889 ● JURIS NO. 101589

4. Plaintiff Moves the Court for the entry of a protective order and to quash any

subpoena duces tecum which may have been issued in accordance with Practice Book

Section 13-5.

The Plaintiff,

By _____
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET   ●   HARTFORD, CONNECTICUT 06106   ●   (860) 246-5889   ●   JURIS NO. 101589