**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                    3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT J

DOCKET NO. CV-01-0185505 S

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC | : | SUPERIOR COURT |
| REGISTRATION SYSTEMS, INC. | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : | STAMFORD/NORWALK |
| | : | AT STAMFORD |
| FARZAD MOAZED AND JANET | : | |
| ROSSMAN A/K/A JANET MOAZED | : | OCTOBER 12, 2001 |

### Motion to Strike

     Pursuant to Practice Book §10-39, the Defendant Janet Moazed, moves to strike the Plaintiff's complaint because of the absence of and failure to join a necessary party, to wit: First Union Mortgage Corporation, 1100 Corporate Center Drive, Raleigh, North Carolina 27607-5066, or the current holder of the Note referred to in Paragraph 3 of the Complaint.  Such person or entity is a necessary party because the named Plaintiff is acting solely as a nominee for the Lender named above.  The Plaintiff has no interest in the mortgage except as a bare legal title holder.  Only the Lender is entitled to foreclose a mortgage.

     The Defendant also moves to strike the Plaintiff's Complaint because the Complaint is legally insufficient as the named Plaintiff does not have the necessary power, authority, or legal title to commence a mortgage foreclosure.

                         DEFENDANT
                         Janet Moazed

                         By _____
                         M. Dean Montgomery, Esq.
                         Bentley, Mosher, Babson & Lambert, PC
                         321 Railroad Avenue
                         P.O. Box 788
                         Greenwich, CT 06836-0788
                         (203) 629-2424
                         Juris No. 101537

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

JANET MOAZED

3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT K

DN CV  01-0185505                                      SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                            J.D. OF STAMFORD/NORWALK

V.                                                    AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN                                         October 14, 2001

## MOTION TO DISGORGE

Plaintiff Moves the Court to order either Defendant, Janet Moazed f/k/a Rossman and/or Farzad Moazed, to disgorge and return all principal tendered to them in the closing of this transaction in accordance with any claim by Defendant, Janet Moazed to rescind this transaction under 15 USC 1635.

1. This loan transaction closed on or about November 6, 2000, at which time, after any applicable recission period, the principal sum of $535,000 was disbursed.

2. The Note in the original principal amount of $535,000 was executed by the Defendant, Farzad Moazed.

3. The Mortgage was executed by Defendants, Janet Rossman and Farzad Moazed and conveyed to the Plaintiff

4. Both Defendants executed a  document captioned " Notice of Right to Cancel" dated November 6, 2000, in which both Defendants acknowledged receipt of 2 copies of the Notice and one copy of the Truth in Lending Disclosure Statement.

5. Nearly 10 months after the closing, Defendant, Janet Rossman now seeks to rescind the transaction based upon an undisclosed letter sent to someone other than the Plaintiff in this matter which purportedly claims recission.

6. Plaintiff issued production requests dated October 3, 2001, seeking a copy of the claimed notice of recission but to date same has not been produced.

7. While is the claim of the Plaintiff that no rights or duties by a creditor are triggered unless and until a written notice of right to rescind by an obligor is <u>received</u> by the current mortgagee, this motion is interposed as part of a manner to fashion the method of recission in the event the Court rules a proper notice was issued by an obligor who otherwise is within the scope of those sought to be protected under the Federal Truth in Lending Act. <u>In Re McNinch,</u> 250 B.R. 848 (2000); <u>FDIC v. Hughes Development Co., Inc.,</u> 938 F.2d 889 (1991).

8. Any rights of recission must be conditioned upon the debtor's return of the principal, which a court may require as a condition to recission. <u>FDIC v. Hughes Development Co., Inc.,</u> 938 F.2d 889 (1991).

9. While it is the contention of the Plaintiff that no proper notice of recission has been exercised by the Defendant, Rossman and that she does not fit within the class of persons protected under 15 USC 1635, this motion is interposed to determine if the Defendants can restore the principal or if there is an impossibility of performance due to their inability to do so.

10. It should further be noted that the Plaintiff's motion for Extension of time to respond to the truth in lending recission claim was granted on October 8, 2001. This motion

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET   ●   HARTFORD, CONNECTICUT 06106   ●   (860) 246-5889   ●   JURIS NO. 101589

may be supplemented, amended and expanded up to the time any formal response to

the truth in lending claim is required under the order of the Court.


The Plaintiff,


By
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106



ORDER


GRANTED/DENIED


_____
Judge




HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET ● HARTFORD, CONNECTICUT 06106 ● (860) 246-5899 ● JURIS NO. 101589

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                    3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT L

DN CV 01-0185505                          SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                J.D. OF STAMFORD/NORWALK

V.                                        AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN                             November 9, 2001

## MOTION FOR EXTENSION OF TIME

Plaintiff Moves the court for an extension of time up to an including Tuesday,

December 18, 2001 to respond to the recission claim of the Defendant, Janet Rossman.

Plaintiff further Moves the Court to assign this case for an evidentiary hearing on the

issue of recission within 30 days of December 18, 2001.

1. Plaintiff has become aware of allegations that Defendant, Janet Rossman, forged the

   deed under which she claims title to the subject premises. These allegations, if true,

   amount to fraud by the Defendant. Additional time is needed to take her deposition to

   learn the facts surrounding these claims in that if true, Ms. Rossman has no right to

   rescind the mortgage as she does not own the property in question. She may also have

   participated in bank fraud if she did not own the premises but represented to an FDIC

   insured institution that she did.

2. Defendant, Farzad Moazed, the maker on the promissory note, may also have been

   improperly served in this matter. This Court therefore may have no personal

   jurisdiction over him. Plaintiff has filed a Motion to cite-in said Defendant, which

motion is on the short calendar for November 13, 2001. Absent personal jurisdiction, this Court has no power to require the Defendant, Farzad Moazed, to restore the principal balance to the Plaintiff as Plaintiff seeks under its Motion to Disgorge, which is pending. Any rights of recission must be conditioned upon the debtor's return of the principal, which a court may require as a condition to recission. <u>FDIC v. Hughes Development Co., Inc.,</u> 938 F.2d 889 (1991).

3. Defendant, Rossman, will not be prejudiced in this delay since she claims to have no liability under the note at issue and accordingly has no liability on a deficiency. In addition, as there is a pending Motion to Strike the Complaint, there is no risk of the entry of a Judgment of foreclosure at this time.

4. The current deadline to respond to the truth in lending recission claim is November 14, 2001.

The Plaintiff,

By _____
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET ● HARTFORD, CONNECTICUT 06106 ● (860) 246-5889 ● JURIS NO. 101589

<u>ORDER</u>

GRANTED/DENIED

_____
Judge

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

JANET MOAZED                                3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT M

DN CV 01-0185505                              SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.                   J.D. OF STAMFORD/NORWALK

V.                                           AT STAMFORD

FARZAD MOAZED AND
JANET ROSSMAN                                December 18, 2001

## RESPONSE OF THE PLAINTIFF TO ANY PURPORTED TRUTH IN LENDING RECISSION CLAIMS

Plaintiff submits this response to any purported claims or efforts to rescind the

subject transaction by any Defendants.

1.  The maker on the Note at issue in this foreclosure action is Defendant, Farzad

    Moazed.

2.  Defendant, Janet Rossman, did not execute the Note at issue in this case.

3.  The Defendant, Janet Rossman, conveyed a security interest by way of Open End

    Mortgage Deed ("Mortgage") dated November 6, 2000 to Mortgage Electronic

    Registration Systems, Inc. ("MERS").

4.  Any rights to rescind a Consumer credit transaction under 15 USC 1602, et seq.

    extend to a natural person "to whom credit is offered". 15 USC 1602 (h). No credit

    was offered to Defendant, Janet Rossman.

5.  Rights to rescind under Federal Truth in Lending extend to obligors only. Dorothy

    Edwards Realtors, Inc. v. Walter McAdams, 525 N.E. 2d 1248 (1988).

6. Defendant, Janet Rossman's right to rescind, if it existed, terminated in that she executed a document showing she received a Notice of Right to Cancel on November 6, 2000, in addition to any other required disclosures. Execution of this document creates a rebuttable presumption of delivery of the notices at issue. In addition, any limitations period has expired to rescind her rights. 12 C.F.R. 226.2 (a)(6), which period is 3 days from the date of the closing.

7. Defendant, Janet Rossman, used the funds at issue to purchase the subject premises and therefore there are no rights to rescind the transaction. Turner v. West Memphis Federal Sav. And Loan Association, 266 Ark. 530 (1979); French v. Wilson, 446 F. Supp. 216 (1978).

8. Any rights of recission must be conditioned upon the debtor's return of the principal, which a court may require as a condition to recission. Federal Deposit Ins. Corp. v. Hughes Development Co., Inc., 938 F. 2d 889 (1991). Plaintiff has a pending Motion to Disgorge in that regard and this response is conditioned in part upon any rulings made or to be made regarding the Motion to Disgorge.

9. The subject property is not the principal residence of all obligors of the note and mortgage. 15 USC 1635(a). Accordingly, there are no rights to rescind this transaction.

10. All material disclosures were made to the Defendant, Janet Rossman and/or were within her knowledge and control prior to the consummation of the transaction. Ivey v. US Department of Housing and Urban Development, 428 F. Supp. 1337 (1977).

11. Any required disclosures were issued and any clerical or technical errors were not material.

12.  Procedures existed which were reasonably adapted to avoid errors by a

preponderance of the evidence. 15 U.S.C. 1640 ©.

13.  Truth in Lending violations do not automatically cause a mortgage to become void

but give courts the power to regulate the manner in which a consumer may exercise a

right of recission. <u>Apaydin v. Citibank Federal Savings Bank</u>, 201 B.R. 716 (1996);

<u>Williams v. Homestake Mortgage Co.</u>, 968 F.2d 1137, 1142 (11th Cir. 1992). In this

case, it is the position of the Plaintiff that all  claims and defenses to recission  need to

be deferred until the time of trial, to afford the parties the rights to discovery of the

facts and to address the issues raised herein and in any subsequent pleadings.

Plaintiff filed a Motion to Disgorge, claiming a return of the principal

balance as a condition to any recission of the transaction. The Motion was heard

on December 17, 2001, at which time the Court (Burke,J.) reserved decision on

the Motion. Plaintiff requested an extension of the time to respond to any truth in

lending recission claims at the same time, which the Court denied. Plaintiff

maintains that it has a valid security interest, subject to the obligor's performance

of their payment obligations under 15 U.S.C. 1635 (b). <u>Lynch v. GMAC</u>

<u>Mortgage Corp.</u> 170 B.R. 26, 29 (Bankr. D.N.H. 1994); <u>Apaydin v. Citibank</u>

<u>Federal Savings Bank</u>, 201 B.R. 716 (1996); <u>FDIC v. Hughes Development Co.</u>,

938 F.2d 889 (8th Cir. 1991), *cert denied 502 U.S. 1099 (1992).*

At the present time, the Defendant, Farzad Moazed, has failed to appear in

this case. A Motion to Cite-In the Defendant has been granted and the return date

is not until next month. Based upon the considerations of judicial economy and

collateral estoppel or issue preclusion, any response to the recission claim may

need to be supplemented based upon any positions to be asserted by Defendant, Farzad Moazed.

Any finance charges paid by the Defendants have been paid into Court with this response, with a full reservation of rights of the Plaintiff and as nominee for the lender in this case. The amount of $26,931.24 has been tendered to Court, with a full reservation of rights, defenses, and claims. This tender is not an admission of the validity of any claims, defenses or actions. No rights are waived, released, impaired, estopped or otherwise affected by the payment of these monies into Court. The payment of these monies is being made in compliance with any requirements under 15 U.S.C. 1635 (b), but is not a waiver of any rights to contest the validity of the recission notice or any defenses to the recission notice or any aspects of this action.

The monies are being paid into Court in part based upon the pending divorce proceeding between the Defendants, so it cannot be asserted that the wrong Defendant received a return of the monies at issue. It is submitted that the Court has discretion to regulate the manner in which such a tender occurs particularly where, as here, payment to one Defendant may give rise to claim by the other that they did not receive the funds. These funds are tendered to the Clerk of the Court with a full reservation of rights. If the Plaintiff and/or the lender are successful in the merits of this case, these monies are to be returned to the lender. It is further submitted that these monies are not to be paid to Defendant, Janet Moazed even if the recission claim is valid, since she is not a maker on the note at issue and has no obligation under the note.

It is further submitted that the security interest in this case is not void. Lagrone v. Johnson, 534 F.2d 1360 (9th Cir. 1976); Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1142 (11th Cir. 1992); Lynch v. GMAC Mortgage Corp., 170 B.R. 26 (Bankr.D.N.H. 1994). Any obligation to engage in steps to terminate the security interest are conditioned upon , inter alia:

    a)_a valid recission notice;

    b)  return of the principal balance;

    c)  that the Defendants are within the class of persons sought to be protected under 15 U.S.C. 1635 ;

    d)  that any fraud which may have occurred is not a defense to the efforts to rescind;

    e)  such other facts and issues as may be gleaned by discovery and trial.

14. Defendants, individually and/or in concert, may have made material misrepresentations to an FDIC insured institution to induce the lender to issue the subject loan secured by real property . Defendants may have failed to disclose and/or advise the lender at the time the loan application was made and up to and including the closing  that they were in a contested divorce proceeding captioned Moazed v. Moazed, FA 99 0173882, J.D. of Stamford/Norwalk at Stamford, in which the Defendants entered into a "Stipulation RE: Financing" dated April 3, 2000, the terms of which were never disclosed to the Plaintiff, the lender or any of their agents. Defendant, Janet Rossman further alleges in the divorce that her husband engaged in abuse and has gambling problems, which information  also

was not disclosed to the Plaintiff or the lender. Plaintiff, individually and as nominee for the lender, claims as a setoff all damages incurred based upon any negligent or intentional misrepresentations by the Defendants or any other actionable conduct.

The Loan Application specifically denies that the Applicant was a party to a law suit when in fact this was untrue. Defendants may also have concealed any child support and other maintenance obligations from the Plaintiff, the lender, and their agents although this information was specifically inquired into in the Loan Application. Defendants may have concealed that in fact Defendant, Farzad Moazed, was not residing at the subject premises and that therefore they were not "owner-occupied" as required by the "Borrower Certifications" dated November 6, 2000. Defendants further may have concealed a suit against them involving the subject premises. Accordingly, the Defendants engaged and should not be permitted to obtain a windfall based upon this fraud.

15. About $507,463.36 was paid on behalf of the Defendants to discharge a prior first mortgage on the subject premises. One who advances money to discharge a prior lien on real estate takes a new mortgage as security and is entitled to be subrogated to the rights under the prior lien against the holder of an intervening lien. Jack L. Rosenblitt v. Barbara Williams, 57 Conn. App. 788 (2000). Accordingly, the Plaintiff by operation of law stands in the shoes of the prior lender and has a valid security interest in the property.

16. Plaintiff alleges a setoff against any monies claimed due and owing by the Defendants against all sums due to the Plaintiff and/or the lender or as a result of any actionable conduct of the Defendants.

17. Defendants have failed to plead any claim of recission in this case.

18. Based upon the above, there are no requirements imposed upon the Plaintiff under 15 USC 1635 or any other provisions of the Federal Truth in Lending Act to rescind the subject mortgage and if recission is ordered by the Court after a trial on the merits, it is contingent upon restoration of the principal amount due to the Plaintiff. 15 U.S.C. 1635(b); 12 C.F.R. 226.23 (d). Accordingly, this Court can regulate what, if any, steps need to be taken on any public records regarding the security interest upon motion at the conclusion of this matter or at any time prior thereto when the Motion to Disgorge is ruled upon and any other aspects of the recission claim.

19. This response may be amended or supplemented up to the time of any trial.

The Plaintiff,

By
Geoffrey K. Milne
Hunt Leibert Chester & Jacobson
94 Hungerford Street
Hartford, CT 06106

HUNT LEIBERT CHESTER & JACOBSON, P.C. • ATTORNEYS AT LAW
94 HUNGERFORD STREET • HARTFORD, CONNECTICUT 06106 • (860) 246-5889 • JURIS NO. 101589

# Hunt Leibert Chester & Jacobson, P.C.

———————————— ATTORNEYS AT LAW ————————————

KIMBALL HAINES HUNT
RICHARD M. LEIBERT
SAMUEL D. CHESTER
RICHARD C. JACOBSON
CARMEN I. TEXEIRA GUEITS [1]
BURTON A. GREENSPAN *(1936 – 1998)*

GEOFFREY K. MILNE
THOMAS J. FARRELL
GERALD M. BEAUDOIN
PATRICK V. CROOK
ERIN M.FIELD
JANE M. KENNEDY [2]
KATHRYN R. SYLVESTER
SEAN E. SWEENEY
MICHELLE L. ODOM
DAVID E. ROSENBERG

December 18, 2001

**Via hand delivery**
John Morrow
Chief Clerk
Superior Court
123 Hoyt Street
Stamford, CT 06905

Re: **Mortgage Electronic Registration Systems v. Moazed** DN CV-01-0185505

Dear Mr. Morrow:

This office represents the Plaintiff in this matter. We are enclosing an original check in the amount of $26,931.24, which sum involves an alleged claim of recission of the above loan transaction by the Defendant, Janet Moazed. This tender is with a full reservation of rights by the Plaintiff and the lender. It is our intention, subject to further order of the Court, that these monies will remain on deposit pending the outcome of this litigation. If for any reason you are unable to endorse the enclosed instrument with this restriction, please let me know.

We enclose a copy of our Truth in Lending Response and the Motion Regarding Recission claim, all of which are incorporated by reference into this letter and are deemed a part hereof.

If for any reason you have concerns about this matter, please contact me at extension 172.

——————————————————————————— **www.hlcj.com** ———————————
94 Hungerford Street Hartford, Connecticut 06106  (860) 808-0606 FAX (860) 808-0625
*Hartford, Connecticut – Fairfield, Connecticut – San Juan, Puerto Rico*
[1] Texeira Hunt Leibert Chester & Jacobson in Puerto Rico        [2] Admitted in Florida only

Very truly yours,

Geoffrey K. Milne



ENDORSE CHECK HERE

X With Full Reservation of
Rights by Plaintiff And Payor

_____

DO NOT WRITE / SIGN / STAMP BELOW THIS LINE
DEPOSITORY BANK ENDORSEMENT

FOR INFORMATION CONCERNING THIS INSTRUMENT

CONTACT

INTEGRATED PAYMENT SYSTEMS INC.

1-800-223-7520

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JANET MOAZED                                    3:02 CV000 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
n/k/a WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED, PARVIZ SEPAHBODI
AND JANET MOAZED

# EXHIBIT N

DN CV 01-0185505                          SUPERIOR COURT

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.               J.D. OF STAMFORD/NORWALK


V.                                       AT STAMFORD


FARZAD MOAZED AND
JANET ROSSMAN                            December 18, 2001


## MOTION TO DEPOSIT FUNDS INTO COURT PURSUANT TO FEDERAL TRUTH IN LENDING ACT

Plaintiff submits this motion to respectfully request that the court accept its deposit of sums representing the finance charge incurred during the making of the Note and Mortgage which are the subject of this action.

The maker on the Note at issue in this foreclosure action is Defendant, Farzad Moazed.

Defendant, Janet Rossman, did not execute the Note at issue in this case.

The Defendant, Janet Rossman, conveyed a security interest by way of Open End Mortgage Deed ("Mortgage") dated November 6, 2000 to Mortgage Electronic Registration Systems, Inc. ("MERS")

The Defendant Janue Rossman has asserted a claim to rescind the mortgage pursuant to the Truth in Lending Act.

Truth in Lending violations do not automatically cause a mortgage to become void but give courts the power to regulate the manner in which a consumer may exercise a right of recission. Apaydin v. Citibank Federal Savings Bank, 201 B.R. 716 (1996);

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET ● HARTFORD, CONNECTICUT 06106 ● (860) 246-5889 ● JURIS NO. 101589

Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1142 (11th Cir. 1992). In this case, it is the position of the Plaintiff that all claims and defenses to recission need to be deferred until the time of trial, to afford the parties the rights to discovery of the facts and to address the issues raised herein and in any subsequent pleadings.

The Plaintiff wishes to pay into the court the finance charges paid by the Defendants, with a full reservation of rights of the Plaintiff and as nominee for the lender in this case. This payment is made pursuant to 15 USC 1635(b). The amount of $26,931.24 has been tendered to Court, with a full reservation of rights, defenses, and claims. This tender is not an admission of the validity of any claims, defenses or actions. No rights are waived, released, impaired, estopped or otherwise affected by the payment of these monies into Court. The deposit into court is not a waiver of any rights to contest the validity of the recission notice or any defenses to the recission notice or any aspects of this action.

The monies are being paid into Court in part based upon the pending divorce proceeding between the Defendants, so it cannot be asserted that the wrong Defendant received a return of the monies at issue. It is submitted that the Court has discretion to regulate the manner in which such a tender occurs particularly where, as here, payment to one Defendant may give rise to claim by the other that they did not receive the funds. These funds are tendered to the Clerk of the Court with a full reservation of rights. If the Plaintiff and/or the lender are successful in the merits of this case, these monies may be returned to the lender. It is further submitted that these monies are not to be paid to Defendant, Janet

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
94 HUNGERFORD STREET  ●  HARTFORD, CONNECTICUT 06106  ●  (860) 246-5889  ●  JURIS NO. 101589