UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANET MOAZED,

    v.                            3:02-CV-91 (EBB)

FIRST UNION MORTGAGE
CORPORATION, n/k/a/
WACHOVIA MORTGAGE CORPORATION

    v.

FARZAD MOAZED, ET AL.,

## RULING ON MOTION FOR RULE 11 SANCTIONS

### INTRODUCTION

Defendant, First Union Mortgage Corporation n/k/a/ Wachovia Mortgage Corporation ("FUMC"), has filed a Motion for Sanctions, pursuant to Federal Rule of Civil Procedure 11, contending that there exist factually unsupported allegations in Plaintiff's Complaint and in her Objection to Defendant's Motion for Summary Judgment. Oral argument was heard on this Motion on February 24, 2004. Inasmuch as Plaintiff's counsel did not file his opposition to the Motion until the morning of oral argument, the Court was not allotted the time to review same until after the argument. The Motion is now ready for decision.

### STATEMENT OF FACTS

The Court sets forth only those facts necessary to an understanding of the issues raised in, and decision rendered on, this Motion. The facts are culled from the oral argument,

Plaintiff's Complaint, the moving parties' memoranda of law, and exhibits thereto.

A prior state court foreclosure action, <u>Mortgage Electronic Registration Systems, Inc.["MERS"] v. Janet ["Rossman"] Moazed</u>, CV-01 0185505, Superior Court, Stamford/Norwalk J.D. at Stamford (the State Court Action"), was commenced on August 28, 2001. The Defendant, Rossman, represented by present counsel, was seeking in that foreclosure action to rescind the mortgage on the Property under a Truth In Lending Act("TILA") claim. A Motion to Extend Time to respond to the rescission claim was filed by MERS on October 3, 2001. **The Motion very clearly advised the state court that, under TILA, a creditor is provided 20 days after issuance of an applicable notice in which to respond to any claims of rescission.** MERS asked that the extension of time be granted until November 14, 2001, in addition to the above-referenced 20 days. After Rossman's counsel made the identical argument before the Superior Court, as presented to this Court during oral argument on the present Rule 11 Motion, the Superior Court, without any comment thereon, granted the extension of time until November 14, 2001. On November 13, 2001, a second Motion to Extend Time was heard by the Superior Court. Once again, regardless of an objection **by the Court,** Defense counsel attempted to put the identical TILA argument into issue. His primary argument, however, was that the Motion to Extend Time was a write-on Motion to the Short Calendar docket and should not be

2

heard at all. The following colloquy took place between the Court and defense counsel:

> THE COURT: How are you harmed?
>
> MR. MONTGOMERY: She is entitled to a release of the mortgage now. At the end of the 20 days, extended - - - as you did. She is entitled to it by law.
>
> THE COURT: So I can extend it for another 20 days ?
>
> MR. MONTGOMERY: **You could** but it is not on the calendar for today. (emphasis added)

Transcript of Hearing before Honorable William Hickey, November 13, 2001 at p. 17, 1: 17-24.

The Superior Court again extended the time to reply to Rossman's notice of rescission until December 18, 2001, based on, *inter* alios, four factors as put forward by Plaintiff's counsel: first, based on information contained within the Rossman-Farzad Moazed ["Moazed"] divorce file, material allegations of forgery and bank fraud might be made against Rossman and Moazed in the future; second, at the time of the taking of the mortgage and the signing of the note, there was already an existing lawsuit against Rossman and Moazed which was not disclosed, unlawfully, to the lender; third, Plaintiff had already filed, prior to the expiration of the time periods as extended, a Motion to Disgorge, which Motion sought to condition any rescission upon a return of the principal from the obligor on the Note, which could not go forward until Moazed was cited into the case; and, fourth,

3

Plaintiff's counsel stated that he required Rossman's deposition prior to responding to her TILA claims. Plaintiff's counsel also advised the Superior Court that "Defendant Rossman will not be prejudiced in this delay since she claims to have no liability under the note in issue and accordingly has no liability on a deficiency. In addition, as [she has] pending a Motion to Strike the Complaint, there is no risk of the entry of a Judgment of Foreclosure at this time."

On December 17, 2001, MERS argued its Motion to Disgorge before the Superior Court. The Superior Court took it under advisement. On December 18, 2001, Plaintiff filed with the Superior Court, and on the land records, its TILA response, and further tended monies on that date, which were rejected by Rossman.

The Superior Court scheduled a hearing on these filings for January 28, 2002, which was rescheduled to February 25, 2002. However, before the Superior Court could hand down its ruling on the Motion to Disgorge or hold the February hearings, Rossman filed the present federal action on January 16, 2002.

The Complaint alleges, *inter alios*, that FUMC took no action within the twenty-day requirement for response to a rescindable transaction provided for by TILA and its implementing legislation. *See* 15 U.S.C. § 1635(b), 12 C.F.R. §§ 226.23(d)(2).

4

Complaint at ¶¶ 21, 27(c).[1]/ The Objection to the Motion for Summary Judgment repeats the identical allegation at pages three and four. At page eleven of the Objection, Plaintiff's counsel asserts that: "The plaintiff claims in her complaint that First Union's failure to timely respond to the rescission notice, or to request within the 20 day period an equitable modification permitted by Reg.Z § 226.23(d)(4), is a separate truth in lending violation."[2]/ At page twelve of the Objection, Plaintiff's counsel continues: "By failing to perform by either beginning to release the security instrument within the twenty day period or by requesting the court's modification powers within such time period, First Union has interfered with the consumers' [sic] statutory right of rescission and thwarted the self-enforcing design of the statutory and regulatory process." At no time, did the Complaint or the Opposition to Motion for Summary Judgment advise this Court of the several extensions of time granted by the Superior Court and its reasons for so doing.

## LEGAL ANALYSIS

### I. The Standard of Review

As amended in 1993, Rule 11(b) provides, in pertinent part, that "[b]y presenting to the court (whether by signing, filing,

---

[1]/ As noted above, the record and evidence shows that a document was recorded on the Stamford land records, contesting the validity of the rescission. Paragraph 24 of the Complaint admits this filing was made.

[2]/ Federal Reserve Board Regulation Z is to be found at 12 C.F.R 226 et seq.

5

submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support, after a reasonable opportunity for further investigation or discovery."  The Rule further provides, in subsection (c) that, the court, may "impose an appropriate sanction," if it finds a violation of subsection (b).

Thus, the 1993 version of Rule 11 specifically allows the imposition of sanctions upon a finding that a factual allegation had no evidentiary support, unless there was a specific disclaimer that additional investigation is necessary.  The revision, among other things, eliminated the provision that a pleading was, to the best of the signer's knowledge, "well grounded in fact."  *See* <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1328 (2d Cir.1995).  "`These changes, while broadening the scope of the obligation to refrain from advancing baseless factual or legal contentions, put greater constraints on the imposition of sanctions.' For example, the standard certification for factual allegations under Rule 11(b)(3) is that `there is (or likely will be) evidentiary support for the allegation, not that the party will prevail with respect to its contention.'" <u>O'Brien v. Alexander</u>, 101 F.3d 1479, 1489 (2d Cir.1996), *quoting*

6

Fed.R.Civ.P.11 Advisory Committee's Note (1993 Amendments). As a result, this Court is disallowed from imposing sanctions unless a particular allegation is lacking in factual support.

At the same time the 1993 Amendment expanded the scope of litigating lawyers' obligations in a manner directly relevant to the present case. It permits sanctions based on the "presenting" of a paper - - rather than limiting sanctions to those papers which bear an attorney's signature - - and defines "presenting" broadly as "signing, filing, submitting, or later advocating." Fed.R.Civ.P. 11(b).

Thus, the new amendments make it clear that sanctions may be imposed if oral representations are presented to the court and flow directly from the signed papers. "However, a litigant's obligations with respect to the contents of [papers filed with or submitted to the court] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed.R.Civ.P. 11(b) Advisory Committee's Notes (1993 Amendments).

On December 4, 2003, Defendant's counsel wrote to Plaintiff's counsel, advising him that both the Complaint and the Objection to Motion for Summary Judgment continued to allege that no response to the rescission claim occurred in a timely fashion. "As counsel of record [in the Superior Court case], you were aware of [the grant of the initial motion for extension of time

7

to reply to the rescission claim]. On Tuesday, November 13, 2001, the Court again extended the time period to respond to the truth in lending rescission claim. We were both present [as on all previous occasions] in Court on November 19, 2001 before Judge Burke, in which the time period to respond to the rescission claim was again extended to December 18, 2001. Both documents "suggest[] that no orders to extend the time period to comply with the rescission ever occurred. As an officer of the court, I think you have an obligation to state the terms of Superior Court orders." The letter finally requested that Plaintiff's counsel review this issue with his client and advise Defense counsel within ten days. The letter advised counsel that if defense counsel had not heard from him within 10 days, he would consider proceeding, as needed, under Rule 11. *See* Defendant's Motion and Memorandum of Law in Support of Rule 11 Sanctions, at Exhibit F.

Plaintiff's counsel never responded to this communique. Accordingly, four weeks later, on January 13, 2003, defense counsel prepared the present Motion for Rule 11 Sanctions and Memorandum of Law, which moving papers were served upon all counsel and *pro se* parties of record. Twenty-four calendar days later, when he again had had no response from Plaintiff's counsel, Defendant's counsel filed the moving papers with the Court. On the day prior to this filing, defense counsel, as a courtesy, sent an e-mail to Plaintiff's counsel advising him that

8

the Rule 11 Motion was then being filed with the Court. "I deeply regret that we have never discussed this issue despite my letter to you about it before ever serving the motion." *See* Motion for Rule 11 Sanctions and Memorandum of Law at Exhibit A. Plaintiff's counsel, again, never responded.

Hence, it is beyond cavil that Defendant's counsel complied with the "safe harbor" provisions of Rule 11(c)(1)(A) and the Motion was filed in accordance with the requirements of that subsection. *See* Rule 11, Advisory Committee's Notes (1993 Amendments).

### II.  The Standard As Applied

According to Plaintiff's counsel claims, made before the Superior Court and this Court, a court must review the substantive law governing TILA in order to determine whether the factual allegations in her Complaint and Opposition to the Motion for Summary Judgment have "evidentiary support". The Court finds that a review of a de minimus portion of the pertinent statute, 15 U.S.C. Section 1635(b), and its concomitant implementing regulation, 12 C.F.R. 226.23(c), is required in order to decide this Motion. Entitled "Right of Rescission As To Certain Transactions", the statute and C.F.R. set forth the manner in which the duties of an obligor and creditor arise after a notice of rescission, made in accordance with certain legal requirements, is provided to the creditor by the obligor. 16 U.S.C. § 1635(a). Subsection (b) next sets forth the duties of

the creditor following a notice of rescission. It is therein provided that: "Within 20 days after the receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." The subsection also has one provision critical to the present case. The final sentence of Subsection(b) reads **"The procedures prescribed in this subsection shall apply except when otherwise ordered by a court."** (emphasis added). 12 C,F.R. Section 12 (c) 226.23, entitled "Right of rescission", subsection (d)(2), mirrors the language of 15 U.S.C. Section 1635(b). It also provides, in contradistinction to the argument of Plaintiff's counsel, that **"The procedures outlined in paragraph[] (d)(2) . . . may be modified by court order.**

Nowhere in the statute or regulation are set any procedural boundaries as to the dictates of a court order. <u>**Plaintiff's counsel clearly recognized this when, upon being asked by the Superior Court whether it could extend the time beyond the original 20 day period, he responded "[y]ou could, but its not on the calendar for today."**</u>[3]/

---

[3]/ As noted above, in compliance with the final deadline of extension granted by the Superior Court, FUMC filed with the Superior Court, and on the land records, its truth in lending response. FUMC further tendered monies on that date to Plaintiff, which she rejected.

10

"Procedure" is defined in *Black's Law Dictionary on Westlaw* (Garner ed., 7th ed. 1999), as "1. A specific method or course of action.", *cited in* Quenzer v. Advanta Mortgage Corporation USA, 288 B.R. 884, 888 (D.Kan.2003). In Quenzer, the district court held that the debtor's act of notifying the creditor of rescission and the resultant voiding of creditor's security interest was one of the "procedures" which the last sentence in the subsection expressly permits a court to modify. *Id.* *See also* Larges v. Conseco Financial Servicing Corporation, 292 F.3d 49, 56 (1st Cir. 2002)(describing method of effecting a rescission under TILA as a "procedure.")

In Yamamoto v. Bank of New York, et al., 329 F.3d 1167, 1171 (9th Cir. 2003), the Court expressly held that, whereas a district court could not modify the substantive provisions of Subsection 1635(b), it was free to modify the procedural provisions of it. Procedural modification is most important when, "as here, the lender contests the ground upon which the borrower rescinds." *Id.* *Accord* Larges, 292 F.3d at 55 (automatic rescission under TILA inapplicable where lender disputes borrower's claim that rescission is warranted under TILA in first place). Further, the Yakamoto Court, when examining Plaintiff's claim that a time limit allowed was inadequate, responded by expressly noting that she "never asked for more time." *Id.* at 1170, n.3. This, of course, is in

11

contradistinction to the present Defendant's actions, which procedurally moved for, and was granted, time in which to reply to the Plaintiff's rescission claim. Defendant then filed such reply on December 18, 2001.

## CONCLUSION

This Court has thoroughly reviewed the transcripts of the three Superior Court hearings on the Motions for Extension of Time. It has also reviewed its notes from the oral argument heard on the present Motion for Rule 11 Sanctions, the Complaint, the parties' memoranda of law, and exhibits thereto. The Court finds that Plaintiff's counsel has violated Rule 11 by presenting to the Court, in written pleadings, memoranda of law, and affirming same at oral argument, factual allegations which do not have any evidentiary support. Fed.R.Civ.P. 11(b)(3). To allege, over and over again, that Defendant failed to respond to the notice of rescission within twenty days of same is simply factually untrue. It is beyond peradventure that the Superior Court had discretion to modify the procedures of 16 U.S.C. Section 1635(b). It did so, permissibly, on three occasions. It is obvious that Plaintiff's counsel realized this when, on November 17, 2001, he advised Judge Hickey that "[he] could" grant a motion for extension of time. Accordingly, Defendant's Motion for Rule 11 Sanctions [Doc. No.133] is hereby GRANTED.

The Court must next determine what fee is reasonable for the costs of bringing, and defending, this Motion. Calculation of the amount of attorneys' fees to be granted is referred to as the

"lodestar." The Court will "calculate the `lodestar' figure based upon the `hours reasonably spent by counsel . . . multiplied by the reasonable hourly rate.'" Cruz v. Local Union No. 3 of Intern, Broth. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) quoting F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987). See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Calculation of the lodestar also requires the Court to determine the "prevailing market rates" for the types of services rendered, e.g., the fees that would be charged for similar work by attorneys of like skill in the area. Blum v. Stenson, 465 U.S. 886, 895 (1984). There exists a strong presumption that the lodestar figure represents a reasonable fee. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992).

Accordingly, in addition to a verified account of the hours expended on this Motion (or copies of the time sheets themselves), the resume of each attorney who worked on the Motion, their years of experience in this field, and an affidavit of an attorney of like skill and his/her hourly fee shall be submitted with Defendant's fee application. The fee application shall be submitted on or before April 9, 2004. Objection

thereto, if any, shall be filed on or before April 30, 2004, with Defendant's reply, if any, to be filed on or before May 14, 2004.

                              SO ORDERED

                              ELLEN BREE BURNS

                              SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this /8 day of March, 2004.

14