UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

MAY 7 11:30 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

JANET MOAZED,                           :
                                        :
                                        :
      v.                                :     3:02-CV-91 (EBB)
                                        :
                                        :
FIRST UNION MORTGAGE                    :
CORPORATION, n/k/a/                     :
WACHOVIA MORTGAGE CORPORATION           :
                                        :
                                        :
      v.                                :
                                        :
FARZAD MOAZED                           :


### RULING ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT

Decision on a summary judgment motion requires the Court to pierce the pleadings and to assess the proof, reviewing same in the non-movant's favor, in order to see if there is a genuine need for trial.

Local Rule 56(a)1 imposes on the moving party the requirement of annexing to the motion for summary judgment a separate document entitled "Local Rule 56(a)1 Statement", which must set forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. Although Defendant labeled its Statement as "Local Rule 56(a)2 Statement" [Doc.No.114], rather than "Local Rule 56(a)1 Statement", it is beyond cavil that the Statement filed is pursuant to, and in complete compliance with, subsections (a)1 and (a)3. The Statement was filed and served on Plaintiff's counsel on **August**

**8, 2003.**

In her opposition to summary judgment, Plaintiff's counsel, in a memorandum of law filed on **October 2, 2003**, writes: "Plaintiff is unable to respond accurately because there is no Rule 56(a)(1) statement." *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at p.4 [Doc.No.126]. *See also* Objection to Motion for Summary Judgment [Doc.No.125], also filed on **October 2, 2003**, in which it states, in pertinent part: "The plaintiff objects to the Court's considering the Motion for Summary Judgment because the defendant-counterclaim plaintiff . . . has not complied with Local Rule 56 which requires a document entitled `Local Rule 56(a)(1) Statement'. Therefore, plaintiff is made to controvert any claims of fact by filing a document entitled `Local Rule 56(a)(2) Statement'. Plaintiff controverts many of the statements claimed by First Union in its brief." These claims are nothing less than Plaintiff's counsel making a transparent attempt to take advantage of a simply mislabeled citation.[1]/ Such attempt is rejected out of hand.

Incredibly, after asserting that Defendant had not complied with Local Rule 56, Plaintiff **never** filed a Local Rule 56 Statement of any kind with her Objection to Motion for Summary

---

[1]/ Further, the contravention by Plaintiff of "many of the statements claimed by First Union in its brief" is, quite naturally, the function of a memorandum of law in opposition to any motion. However, this obvious supposition has no relevance to the requirements of Local Rule 56.

2

Judgment, although she clearly recognized the mandate that she do so. Even though Local Rule 56(a)1 clearly provides: **"All material facts set forth in such statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2"**, Plaintiff determined to run such risk based upon her assertion that Defendant had not filed a Statement in compliance with Local Rule 56. She did so, regardless of the fact that she was clearly the "opposing party" referred to above. The Court holds that the mandates of Local Rule 56 require that Plaintiff must suffer the repercussions of her risk and summary judgment, firstly, is hereby GRANTED AS TO PLAINTIFF'S COMPLAINT FOR FAIURE TO COMPLY WITH LOCAL RULE 56.

However, with a sense of justice, the Court will briefly address each of the claims and counterclaims in this litigation. Initially, the Court will address the Defendant's unanswered Local Rule 56 Statement, which sets those issues of material fact as to which Defendant claims there is no reason for a trial of this matter. These Local Rule 56 Statements have gone unchallenged by both the Plaintiff and the Third-Party Defendant ("Farzad"). Rather than repeat each Statement, Defendant's entire Local Rule 56 Statement is attached hereto as Exhibit "A" and is incorporated herein in full. The following are, accordingly, the citations as to why Defendant is correct in, and must prevail on, each of its Local Rule 56 Statements.

1) Out of the 13 questions asked in Farzad's Borrowers Declaration, 8 are false. *See* Affidavit of Lisa Rumple in Support of Motion for Summary Judgment ("Affidavit") at ¶ 3, Exhibit "A" at p.3. *See also* Summary Judgment Exhibit (SJE") "AA", unanswered Requests to Admit directed to Farzad. Pursuant to Fed.R.Civ.P. 36(a), each of these unanswered Requests is deemed admitted.
2) *See* Affidavit at Exhibits "X", "Y".
3) *See* Unanswered Requests to Admit, Exhibit "AA"; Exhibit "M".
4) *See* SJE "AA" and "L".
5) *See* SJE Unanswered Requests to Admit, Exhibits "AA", "P", at p. 2.
6) *See* SJE "P" at p.2.
7) *See* SJE at Exhibit "V".
8) See SJE at Exhibits "B" at pp.79-80; "Z" at 100; "A" at p.6; "X", Deposition of Attorney Paul McCullough at pp 24-5: L 23-25; 25 L: 22-25; 26: L 2-9; 26 L 26-29; 27 L 8-12; 28 L: 2-10; 31 L: 16-22; 32 L: 10-14, 23-25; 69 L: 16-25; 70 L: 1-11. Unanswered Requests to Admit at No. 6.
9) *See* SJE Exhibit "B", Deposition of Farzad at 79-80; Exhibit "Z", Deposition of Plaintiff at p. 101 L: 2-10; Unanswered Requests to Admit No. 6.
10) *See* Affidavit at ¶ 7, Exhibit "F".
11) *See* Affidavit at ¶ 8, Exhibit "G".
12) *See* Affidavit at ¶ 6, Exhibit "E".
13) *See* Affidavit at ¶ 9.
14) *See* Affidavit at ¶ 10.
15) *See* SJE at Exhibit "J" Deposition of Farzed, at p. 70.
16) *See* Affidavit at ¶¶ 11, 12, 13, SJE Exhibit "V".
17) *See* Ruling on Motion for Sanctions, (March 19, 2004) 3:02-CV-91 (EBB) at pp. 9-12.
18) *See* Affidavit at ¶ 14
19) *See* Affidavit at ¶ 15; SJE at "W".
20) *See* Affidavit at ¶ 16.
21) *See* Affidavit at ¶ 17, Exhibit "J".
22) *See* Affidavit at ¶ 19.
23) *See* Plaintiff's Complaint.
24) *See* SJE Exhibit "EE", Deposition of Farzad

4

at p. 46 L: 15-20.

## STATEMENT OF RELEVANT FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and the substantive decision rendered on, this Motion.

This action was commenced by Plaintiff Janet Rossman Moazed ("Moazed"), claiming she rescinded an Open-End Mortgage Deed from Mortgage Electronic Registration Systems, Ins. ("MERS"), as nominee for First Union, under Federal and Connecticut truth in lending laws ("TILA" or "CTILA").

The Mortgage secures a Note executed by Farzad in the original principal amount of $535,000 on certain real property known as 367 West Hill Road, Stamford, CT. (the "Property"). Moazed is the record owner of the Property, yet Farzad is the sole obligor on the Note.

Plaintiff's Complaint is in three Counts. The First Count alleges violation of TILA, specifically, the failure of First Union to deliver to Plaintiff two copies of the Notice of Right to Cancel ("Rescission Notice"), in violation of Regulation Z § 226.15(b), § 226.23(b).[2]/ She also asserts that First Union failed to provide the required disclosures prior to the consummation of the transaction at issue in violation of 15

---

2/ Plaintiff also alleges that First Union failed to terminate the security within twenty calender days of receiving the rescission notice. This Court has already found against Moazed on that claim. See Ruling on Motion for Rule 11 Sanctions, March 19, 2004 (EBB) at 9-12.

5

U.S.C. § 1638(b) and Regulation Z § 226.17(b).

The violations as pleaded in the Second Count are identical to the First, except the Count is brought pursuant to the CTILA.

The Third Count alleges a breach of CUTPA.

First Union filed an Answer, Affirmative Defenses, Counterclaims, and Setoff to the Complaint. Moazed filed a Motion to Strike Affirmative Defenses, which Motion was denied by this Court on November 8, 2002.

First Union next filed Amended Counterclaims, dated November 14, 2002, and Amended Defenses dated January 13, 2003. The defenses and counterclaims therein allege negligent and intentional misrepresentation, equitable modification of rescission rights, waiver, estoppel, bad faith, aiding and abetting the submission of incorrect information to First Union, breach of the implied covenant of good faith and fair dealing, equitable subrogation, unfair trade practice, and setoffs.

The present Motion for Summary Judgment is brought against (1) Plaintiff's Complaint and all Counts thereunder, including all cross-claims of Farzad for rescission or violation of TILA, and (2) in support of the Counterclaims-Complaint, seeking summary judgment as to liability only on the First (negligent misrepresentation, as against Plaintiff and Farzad), Second (intentional misrepresentation against Farzad), Third (CUTPA against Farzad), Ninth (foreclosure of the mortgage against Plaintiff and Farzad), and Tenth Count (Declaratory Relief).

## LEGAL ANALYSIS

"Although the right to rescind is statutorily granted [by TILA], it remains an equitable doctrine subject to equitable considerations." Brown v. Nat. Permanent Fed. Sav. & Loan Association, 683 F.2d 444, 447-48 (D.C.Cir.1982).

As was held by the Fourth Circuit Court of Appeals in Powers v. Sims and Levin, 542 F2d. 1216, 1221 (4$^{th}$Cir. 1976):

> Rescission is an equitable doctrine, and there is nothing in the statutory provision of the right of rescission or in 1635(b)'s provision of the procedural steps in effecting the right of rescission which limits the power of a court of equity to circumscribe the right of rescission to avoid the perpetration of stark inequity . . . . The district court, and we, exercising traditional equity powers, may condition the borrowers' continuing right of rescission upon their tender to the lender of all of the funds spent by the lender in discharging the earlier indebtedness of the borrowers. . . .

In this case, it is undisputed that the principal balance cannot be returned to First Union. See Deposition of Farzad, SJE Exhibit EE, at p. 46 L:15-20. Further, Plaintiff submitted no affidavit in her objection to Motion for Summary Judgment, averring that, indeed, the principal balance could be repaid. Nor, in the myriad of papers filed by her in this case, has she ever stated such contention. There is no genuine issue of material fact, based on the evidence in this case, that the principal balance can be returned. This Court finds the holding of the Powers Court to be highly persuasive and hereby adopts

said holding as its own:

> What we do hold is that when rescission is attempted under circumstances which would deprive the lender of its legal due, the attempted rescission will not be judicially enforced unless it is so conditioned that the lender will be assured of receiving its legal due.

Powers, 542 F.2d at 1222.

On November 6, 2002, Plaintiff and Farzad executed an Open-End Mortgage Deed to secure the Note.[3]/ See Affidavit at Exhibit "G". In this Open-End Mortgage Deed, executed by both Moazed and Farzad, Moazed granted and conveyed to the nominee for First Union, the property at issue in this case as security for the Loan. See Section entitled "Transfer of Rights in the Property" at p. 3. Page 3 further states that, "as to the Property, MERS, as nominee for [First Union] has the right to foreclose and sell the property."

This Mortgage Deed was in compliance with the Stipulation Re: Refinancing in the divorce action between Moazed and Farzad, so ordered on April 3, 2000 (Doc. No. FA 99 0173882 S, Superior Court, J.D. of Stamford/Norwalk, at Stamford), in which Moazed

---

3/ Plaintiff and Farzed executed this Mortgage Deed on the Property containing a false representation by both: "Borrower covenants that Borrower is lawfully seised by the estate hereby conveyed . . ." Id. at p.3 It is beyond cavil that both Plaintiff and Farzad knew this to be an untrue statement in a document relied on by the nominee for First Union. See also SJE Exhibit "B", Deposition of Farzad, (November 13, 2002) at p.7 L: 15-17 (averring that he had a current address separate and distinct from the Property address); SJE Exhibit "P", with Document "A" attached thereto. (Letter from Plaintiff's counsel, dated October 17, 2001, stating that: "Mr. Moazed has not lived at this address [the "Property"] since July, 1999 and it has not been is abode since that time.").

stipulated that the loan taken out from First Union would be secured by the Property at issue herein. See SJE Exhibit "R" at ¶ 6.

Accordingly, there exists irrefutable evidence that Moazed and Farzad executed this Mortgage Deed, which advised them, especially Moazed as owner of the Property, of First Union's right to foreclose on the Property in the event of default. Secondly, both parties admitted, and Moazed's attorney testified, that they each signed the Notice of Right to Cancel on November 6, 2000. See SJE at Exhibits X and Y (executed Notices of Right to Cancel) See also Defendant's Local Rule 56 Statement at Number 8, and supporting citations therefore, supra.

Accordingly, for each and all of these reasons, rescission of the mortgage in question is unavailable to Plaintiff.[4]  This Court hereby holds that Plaintiff has no right of rescission under the Note, Mortgage, and/or any related loan documents. Resultingly, summary judgment as to Count One of Plaintiff's Complaint is hereby GRANTED in favor of First Union.

The Connecticut and the federal Truth In Lending Acts are "identical." Grey v. European Health Spas, Inc., 428 F.Supp. 841

---

[4] Furthermore, the maker on the Note in this foreclosure action is Plaintiff's former husband, Farzad . He is, accordingly, the obligor. Plaintiff did not execute the Note; rather, she secured the Note by way of an Open-End Mortgage deed on the Property. Inasmuch as Plaintiff never executed the Note she is not an obligor on it. Rights to rescind under TILA extend to obligors only. See e.g., Dorothy Edwards Realtors, Inc. v. McAdams, 525 N.E.2d 1248, 1254 (Ind.App.Ct. 1988).

9

(D.Conn. 1977); <u>Household Finance Corporation v. Jose Nival</u>, 37 Conn.Supp. 606 (Conn.Super. 1981). Resultingly, this Ruling also GRANTS Defendant's Motion for Summary Judgment as to Count Two of Plaintiff's Complaint.

As to Plaintiff's CUTPA claim, there is a threshold requirement of an ascertainable loss of money or property in order to have a cognizable claim under the statute. Conn.Gen.Stat. 42-110(f). *Accord* <u>Hinchliffe v. American Motors Corp</u>. 184 Conn. 607 (1981). At the time of the transaction in issue, Moazed did not own the Property, as it was encumbered by a first mortgage in excess of $500,000. Moazed only had an equity of redemption, which she still has to this date. Connecticut adheres to a title theory of mortgages, in which the owner of the mortgage, First Union, has legal title to the property, subject to the exercise of the equity of redemption. <u>Conference Center LTD v. TRC</u>, 189 Conn. 212 (1983). Resultingly, Moazed has suffered no ascertainable loss of money or property as a result of the transaction at issue, since she still has an equity of redemption, which she possessed prior to the transaction at issue in this case as well, when the Property was also encumbered with a mortgage. Inasmuch as Plaintiff cannot satisfy the threshold requirement for a CUTPA claim, Defendant's Motion for Summary Judgment as to Count Three of Plaintiff's Complaint is hereby GRANTED.

Additionally, summary judgment is hereby GRANTED as to Counterclaim Counts Nine and Ten, as to liability only. The Court

hereby DENIES WITHOUT PREJUDICE, the Motion for Summary Judgment as to Counterclaims Count One (negligent misrepresentation) and Two (intentional misrepresentation). Defendant is hereby ORDERED to file a brief Memorandum of Law on the validity of those two Counterclaims, as against Moazed, if legally and ethically warranted, on or before May 21, 2004.

As to Third-Party Defendant Farzad, on August 7, 2003, counsel for First Union filed a Notice of Filing of Motion for Summary Judgment [Doc.No.113]. In the Notice was included the Notice to Pro Se Litigant, as required by Local Rule 56(b), which was served on Farzad, by certified mail, on August 7, 2003. First Union also included its Local Rule 56 Statement and copies of those pages of Farzad's deposition upon which it was relying. On October 3, 2003, Farzad filed a document entitled "Motion for Summary Judgment" [Doc.No.122]. However, it is clear that the filing is not a Motion for Summary Judgment, but is Farzad's reply to First Union's Motion for Summary Judgment as to him and the Court hereby construes it as such (hereinafter "Reply"). The first sentence of the Reply states that "[i]n order to streamline my responses to charges and allegations of attorney Milne [counsel to First Union], I will selectively respond to those charges which are the most baseless and egregious, starting from the beginning of these charges and allegations." Farzad then writes nineteen-pages of his personal position on the papers served on him, with no affidavits from any individual, including Farzad himself, or any documentation of any kind, in support of

11

his position. His own personal and singular response to six substantive claims is one sentence long and asserts that "[t]here was no intentional misrepresentation, bad faith, aiding and abetting the submission of incorrect information, breach of the implied covenant of good faith and fair dealing, unfair trade practice and set-offs." He then follows these personal denials with fifteen and one-half pages in which he claims total ignorance of any of the events upon which the Third-Party Complaint is based, inasmuch as he relied on various counsel at all times relevant to this litigation. "[F]ailure of an attorney to provide proper and sufficient supervision and proper representation and oversight upon his or her client . . . should be considered a failure of fiduciary responsibility of a capable and conscientious attorney. Furthermore, it is incumbent on all attorneys to provide excellent service for the fee that they receive and oath they have taken as officers of the court." Reply, at pp. 18-19. Farzed never speaks in response to that part of First Union's motion seeking summary judgment as to his alleged claim for rescission. Accordingly, Farzad's claim for rescission is waived. He never responds to First Union's Local Rule 56 Statement, just as he never responded to First Union's Requests to Admit, now deemed admitted pursuant to Fed.R.Civ.P. 36(a).

Therefore, all material facts found in Defendant's complying Statement are deemed admitted. See Citations in support of Local Rule 56 Statement, supra. Accordingly, summary judgment is hereby

12

GRANTED to First Union as against Farzad's counterclaim for rescission.[5]/ Additionally, summary judgment is hereby GRANTED as to each of the Counts, save one, as moved for in Defendant's Motion for Summary Judgment as against Farzad, as to liability only. Summary judgment is hereby GRANTED as to the Second Count (intentional misrepresentation); Third Count (CUTPA); Ninth Count (foreclosure of mortgage and equitable subrogation); and the Tenth Count (declaratory relief). The Motion is DENIED WITHOUT PREJUDICE as to Count One. The Court hereby ORDERS Defendant, if legally and ethically warranted, to file a brief Memorandum of Law on Count One, as against Farzad, on or before May 21, 2004.

Farzad's denominated "Motion for Summary Judgment" [Doc.No.122] is hereby DENIED

## CONCLUSION

The granting of declaratory relief is governed by equitable principles. <u>Holup v. Gates</u>, 544 F.2d 82, (2d Cir), *cert den'd*, 430 U.S. 941 (1976). The Court hereby DECLARES that: 1) First

---

[5]/ Substantively, one who does not use the mortgaged property as his/her principal residence cannot make a claim for rescission. <u>Ator v. City Bank & Trust Co.</u>, 749 F.2d 498, 500 (8th Cir.1984), *citing to* TILA, 15 U.S.C. § 1635(a)(right of rescission applies only to loans secured by debtor's principal place of residence). Due to the fact that the Moazeds were in the process of divorcing at the time of this loan transaction, Farzed **never** lived in the mortgaged property or intended to do so, regardless of the fact that he averred in the Borrower Certifications, falsely under oath to First Union, that he "Does [sic] now occupy or intends[s] to occupy said property as my primary residence within 60 days of the loan closing or modification." *See* SJE Exhibit "B", Deposition of Farzad, (November 13, 2002) at p.7 L: 15-17 (averring that he has had, since 1999, a current address separate and distinct from the Property. address); SJE Exhibit "P", with Document "A" attached thereto. (Letter from Plaintiff's counsel, dated October 17, 2001, stating that: "Mr. Moazed has not lived at this address [the "Property"] since July, 1999 and it has not been is abode since that time.").

13

430 U.S. 941 (1976). The Court hereby DECLARES that: 1) First Union has the legal right to foreclose on the Open-End Mortgage Deed and take possession of the Property; 2) Neither Moazed nor Farzad are entitled to rescission; 3) First Union is entitled to a deficiency judgment unless precluded by a bankruptcy filing or discharge; 4) First Union has the right to executions of ejectment; 5) First Union has the right to attorneys fees and costs related to 1-4 above, subject to a hearing to be promptly scheduled in order that the amount of debt owed, the value of the premises, the amount of any deficiency, and the amount of attorneys' fees owed, be determined.

**Counsel and Farzad shall confer and propose to the Court any and all available dates, such dates to be within forty-five days of the receipt of this Ruling.**

Trial of Defendant's remaining claims - - Fourth Count (against Plaintiff for aiding and abetting in the submission of intentionally false information to First Union in applying for Farzad's loan); Fifth Count (against Farzad for breach of the implied covenant of good faith and fair dealing); Sixth Count (against Farzad for breach of contract); Seventh Count (against Farzad for unjust enrichment); and Eighth Count (against Plaintiff for unjust enrichment) - - shall be set down for

14

September, 2004.

>                       SO ORDERED
>                       _____
>                       ELLEN BREE BURNS
>                       SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 6th day of May, 2004.

15