Farzad Moazed
210 River Run
Greenwich, Ct. 06831

July 31, 2005

<u>Via Overnight Mail</u>
The Honorable Ellen Bree Burns
United States District Court
141 Church Street
New Haven, Ct. 06510

Re: <u>Moazed V. First Union Mortgage Corporation</u>

<u>Application for Conference with the Court</u>

Farzad Moazed, the Pro Se, in the above-referenced case, respectfully requests a personal conference with the Court for the following reasons:

I am in receipt of Mr. Milne's latest and most recent pay-off letter dated July 27, 2005. The more I delve and dig into the numbers provided, the more I find inconsistencies and discrepancies between our numbers.

As I will illustrate below, the latest discrepancies now exceed $18,500 based on my latest tabulations. That is assuming that he will provide sufficient explanations to a few other minor amounts for which I have asked for explanation, as you will notice below.

Therefore, for the convenience of the Court in order for me to demonstrate and point out the existing discrepancies between our numbers, enclosed you will find copies of both of Mr. Milne's pay-off letters dated 06/14 & 07/27, respectively.

| Item | My Number | His Number | Discrepancy |
|---|---|---|---|
| 1) Interest | $204,158.13(Thru 07/31/05) | $212,192.39(Thru 08/31/05) | $8,034.26 |

Explanation for my calculation: From 05/01/2001-07/31/2005, that is 1551 days @ $131.63=$204,158.13

2) Escrow/Impound Advance
         $41,605.51                  $48,231.92(07/27 letter)        $6,626.41

Explanation for my calculation: My calculation is thru 07/31/05. In Mr. Milne's letter of July 13, 2005, providing details of all the escrow amounts, the escrow amount paid on 07/12/05 was $5,266.33. This amount was set aside until 01/12/06. Therefore, to do a daily amount for the escrow to be ear-marked, I came up with the amount of $28.78 to be paid daily( copy of my letter dated 07/14/05 addressed to Mr. Milne). From July 22nd

until July 31st, one has to add $546.82 to come up with a current escrow amount. The way Mr. Milne calculates, would be double-counting as soon as the new refinancing is finalized.

3) Interest on Escrow from 07/01/04 to 08/31/05          $3,881.04
Remarks:

This is a new and sudden entry by Mr. Milne. This category did not even appear in his pay-off letter dated 06/14th. He now arbitrarily decided to create a new entry without the Court's prior knowledge or approval nor my knowledge. Furthermore, more detailed explanation would be required as to why this item would be allowed without the Court's approval.

4) Unpaid Late Charges          $430.48

I have requested an explanation as to why a charge of $430.48 over a period of just 43 days. This amount was increased from 06/14 to 07/27. Furthermore, I have asked for an explanation regarding their total charges of $11,192.48.

5) PIR Fees          $429

As you can notice, this item has increased from just $24.75 (in 06/14 letter) to $429 in 07/27th letter. Have requested another explanation regarding this item as well.

Total of discrepancies including the minor amounts:      $19,401.19
Excluding the minor amounts, awaiting explanation reports:      $18,541.71

6) Finally, One positive piece of news to report. After 29 days of prodding, Mr. Milne, finally reduced his legal fees from $34,251.38 to $31,274.58, for a reduction of $2,976.80.

I plead with the Court to allow for a personal Conference with the Court enabling me to explain these discrepancies in order to expedite this refinancing as, I am afraid, time is running out with Tribeca Mortgage Company.

At the very least, I respectfully ask the Court to mediate between us as soon as convenient for the Court, as I am afraid that Mr. Milne, with his legal and tactful maneuverings, will try to railroad me, even though I have shown the evidence in the foregoing for his repeated overstatements of his numbers.

Respectfully,

*Farzad Moazed*
Zod Moazed

Farzad Moazed
210 River Run
Greenwich, Ct. 06831

July 03, 2005

<u>Via Overnight Mail</u>
The Honorable Ellen Bree Burns
United States District Court
141 Church Street
New Haven, Ct. 06510

Re: <u>Moazed V. First Union Mortgage Corporation</u>

<u>Motion to Assess Penalties for not Providing and Producing the Requested Breakdowns on Pay-off Numbers</u>

Honorable Judge Burns:

As I indicated in my letter dated June 24, 2005, to you, and my letters dated June 22, 28 and 30th (copie enclosed), to Jeff Milne, the attorney representing First Union Mortgage Corporation in the above-referenced case, I have tried in every which way possible to communicate to Mr. Milne that in order for us to proceed to finalize this refinancing, we need the breakdown of his numbers provided in his pay-off letter dated June 14th.

According to my June 30th fax to him, and according to the calculations in my June 30th fax, he has overstated his pay-off figure of $822,795.26 by $14,889.34; the correct pay-off amount ought to be $807,795.26. As I stated in my letter dated June 24th to you, I do not care whether there is an overage or deficit in the numbers, as long as the numbers are correct and reconcile with each other, so that we may proceed.

However, Mr. Milne failed to cooperate and provide the requested breakdowns of interest and the legal fees. Mr. Milne has faxed to me two communications ( besides the original pay-off letter of June 14th) dated June 22nd, in which he does not provide these requested breakdowns, and a second fax dated June 29th, in which he provides a very limited breakdown explanation on $2,145 of a total of $35,251.38 of their legal fees.

I have pointed out the existing discrepancies of $6,871.68 in the interest calculation and $5,121.80 for the legal fees. Also, asked for an explanation as to why in his pay-off letter he has chosen July 22nd as the closing date. To this date, I have not received an explanation to my repeated requests.

As a result of Mr. Milne's lack of cooperation in this refinancing, there stands a good chance that Tribeca Mortgage Company, the lender, will withdraw its offer of $833,000. And if this were to happen, the blame rests on Mr. Milne and First Union for their refusal to cooperate in providing these numbers.

I respectfully request the Court to consider penalties for Mr. Milne and First Union's lack of production of breakdown of numbers and their cooperation.

And in the event that Tribeca Mortgage Company ends up withdrawing its offer, to further assess First Union Corporation for penalties and damages incurred by us as the result of their willful and apparent lack of cooperation in this matter.

Respectfully,

Farzad Moazed
Zod Moazed

**FACSIMILE TRANSMITTAL SHEET**

| | |
|---|---|
| TO: JEFF MILNE | FROM: ZOD MOAZED |
| COMPANY: HUNT LEIBERT | DATE: 06-22-05 |
| FAX NUMBER: 860-240-9240 | TOTAL NO. OF PAGES INCLUDING COVER: 07 |
| PHONE NUMBER: 860-240-9140 | SENDER'S REFERENCE NUMBER: |
| RE: REFI | |

☐ URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Jeff:

Thank you for your message re: your upcoming schedule for the remainder of this & next week. I really would like to finalize this refinancing, however, when I go through different numbers sent to me during last 9 months from your office, instead of coming up with more answers, I end up with more questions.

Therefore, I decided to send you this fax, perhaps you are in a better position to provide explanations for all of these discrepancies which exist, as I will point them out below.

In your June 14, 2005, (copy attached) pay off figure provided for the refi, your interest number to 07-22-2005 ($131.63 per diem) is $206,949.28. How do you, then, account for the interest number provided & signed by Linda J. St. Pierre, attorney for creditor, (copy attached) in the U.S. Bankruptcy Court, dated 05-17-2005, listing an amount of $128,207.62, for accrued interest to 11/29/2004. And finally, in your letter dated February 07,2005, (copy attached) and addressed to Dean Montgomery Esq., stating interest to 11/30/2004 ($131.63 per diem) as $175,973.25. You must agree that there exists good deal of inconsistency and discrepancy for which you are the only one who can provide the proper explanation. According to my own calculations regarding the

interest, as I mentioned to you, you numbers are overcounting the interest amount, by at least 2.3 months over the life of the loan or roughly $9,233.84.

The 2nd issue that I would like to bring to your attention is regarding your legal fees. Even after your explanation that the Court has granted to you an amount of approx. $7,000, still, I cannot account for the existing discrepancy. Here it is:

In your June 14, 2005, pay off letter, you have listed contested attorney fees of $34,251.38 & $1,000 as attorney's fees & costs in bankruptcy. As we discussed, in your February 17th letter addressed to Dean Montgomery Esq., your listed attorney's fees in foreclosure to 08/17/2004 is $21,150. Thus, if one were to add $7,000 for the Court's extra allowance, according to you, then, we would have $28,150. Thus, for 3 years your attorney's fees amounted to $28,150, then how would you account for attorney's fees of $6,101.38 in just 3 months, August through November, as your fee activities should have come to a stop in November, due to my Chapter 13 filing. If one was to prorate the $28,150 over a 3 year period, one would come up with $781.94 per month for attorney's fees. Therefore, for the 3 months Aug-Nov, your fees should have been closer to $2,300 and not $6,101. Please provide an explanation for this discrepancy as well.

Now, as you can recognize, that my wife and I cannot proceed in good conscience until we will have sufficient explanations in writing to my questions regarding these discrepancies illustrated above.

My phone number is:212-259-5123 & my fax number is: 212-259-2093. I would appreciate a prompt response.

Sincerely,

*[signature]*

Zod Moazed

CC: John Regan Janet Moazed Melissa Reynolds

# Hunt Leibert

Hunt Leibert Jacobson, P.C.
Attorneys at Law
Hartford & Fairfield, Connecticut

50 Weston Street
Hartford, CT 06120
Telephone: (860) 808-0606

Jeff 860-240-9140
Fax 860-240-9240

June 14, 2005

VIA FACSIMILE: (631) 370-1207
Attn: Lisa Rotolo

Re: Everhome Mortgage Company
 Vs. Farzad Moazed, et al
 Loan No. 0000038562
 Property: 367 West Hill Road, Stamford, CT

Dear Ms. Rotolo:

Pursuant to your request, the following is the amount needed to pay off the mortgage loan from the above matter through and including July 22, 2005:

| | |
|---|---:|
| Principal balance | $533,817.87 |
| Interest to 7/22/05 ($131.63 Per Diem) | 206,949.28 → $17,986 |
| Escrow/Impound Advance | 41,058.69 → how much (roughly $1292) per/mo |
| Unpaid Late Charges | 10,762.00 |
| Property Inspections | 396.00 |
| Recording Fee | 13.00 |
| BPO Fee | 115.00 |
| NSF Fees | 60.00 |
| Less: Uncollected Late Fees | (9,901.04) |
| PIR Fees | 24.75 |
| Attorney's Fees & Costs in Bankruptcy | 1,000.00 |
| Contested Fees | 34,251.38 → $7000 |
| Title search fee, including certified copies | 180.00 |
| Court Entry Fee | 190.00 |
| Marshal Fee | 273.55 |
| Appraisal Fees (2) | 670.00 |
| Committee Fees | 2,906.38 |
| Recording Fee-Release of Lis Pendens (A) | 13.00 |
| Overnight Delivery Fee (A) | 15.50 |
| **Total Due as of July 22, 2005** | **$822,795.26** |

**PLEASE NOTE:** Estimates are those fees or costs (Marked as E) for items which have been ordered, but the exact amount of which have not yet been determined. Anticipated costs are those costs (marked as A) for items which will be ordered prior to the payoff date contained in this letter. Actual recording fee is subject to passing of pending legislation and any overpayment will be refunded. Any fee or cost line item for which a figure of $0.00 is indicated do not apply to your particular loan. If, for any reason, those anticipated costs have not been incurred prior to receipt of the payoff funds, these anticipated costs will be refunded to you by our office, if received by us, or by our client if received by our client. To the extent funds are received in payment of such anticipated or estimated items, any excess funds, after payment of the actual charges will be refunded to you as above. **Please read page two (2) Carefully.**

To: Lisa Rotolo

206,949.28 ÷ 131.63 = 1572.2 days
1572.2 ÷ 365 = 4.307 yr

4 yrs = 48
.307 yr = 25.5 of 1 yr or
4.2 months

actual days:
4 yrs : 1460
        50
       ____
       1510

48
52.2  basing on 52.2 months

whereas it should
be 43
    6.7 months
    ____
    49.7

discrepancy of 3.5 months @ 5,139 = $17,986

FORM B10 (Official Form 10) (9/97)
*FOR CHAPTER 13 ONLY: FILE IN DUPLICATE WITH CLERK, IN TRIPLICATE FOR DATE-STAMPED COPY, SEE #9 BELOW

| United States Bankruptcy Court<br>Bridgeport District of Connecticut | | ☐ CH.7  ■ Ch 13  ☐ Ch 11<br>PLEASE CHECK CHAPTER |
|---|---|---|
| Name of Debtor<br>FARZAD MOAZED | Case Number<br>04-51369 AHWS | **PROOF OF CLAIM** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement the case. A "request" of payment of an administrative expense may by filed persuant to 11 U.S.C. § 503.

Name of Creditor (The person or entity to whom the debtor owes money or property)
WACHOVIA MORTGAGE CORPORATION

Name and Address Where Notices Should be Sent
WACHOVIA MORTGAGE CORPORATION
c/o EVERHOME MORTGAGE COMPANY
8120 NATIONS WAY, BUILDING 100
JACKSONVILLE, FL 32256

Telephone No.    860-808-0606

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Creditor # _____
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identified debtor:
38562

Check here if this claim:
☐ replaces    ☒ amends    a previously filed claim, dated: 04/15/05

**1. BASIS FOR CLAIM**
☐ Goods sold
■ Money Loaned
☐ Taxes
☐ Services performed
☐ Personal injury/wrongful death
☐ Other (Describe briefly)
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
(date)       (date)

**2. DATE DEBT WAS INCURRED:** 11/06/00

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. Total Amount of Claim at Time Case Filed:**    $716,466.92

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured claim**
■ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
■ Real Estate
☐ Motor Vehicle
☐ Other (Describe Briefly)
_____

Value of collateral: _____

Amount of arrearage and other charges at time case filed included in secured claim above, if any:    $275,455.41
+ post-petition attorney fees of $300.00
    = $275,755.41

**6. Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4000), *earned within 90 days before filing of the bankruptcy petition or cessation of the business, whichever is earlier) - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - U.S.C. § 507(a)(4)
☐ Up to $1,800* of deposits toward purchase, lease, or rental of services for personal, family, or household use - 11 U.S.C. § 507(a)(6) 11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of government units - 11 U.S.C. § 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. ANY ATTACHMENT MUST BE 8-1/2" BY 11"
**9. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and an additional copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 05/17/05 | [signature]<br>Linda J. St. Pierre, Attorney for Creditor |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
FARZAD MOAZED : CHAPTER 13
      DEBTOR : CASE NO. 04-51369 AHWS
: May 17, 2005

SCHEDULE A

AMENDED ITEMIZATION OF CLAIM OF WACHOVIA MORTGAGE CORPORATION

**A. Total Debt As Of November 29, 2004**

| | |
|---|---:|
| Principal Balance | 533,817.87 |
| Accrued interest to 11/29/04 | 128,207.62 |
| Accrued Late Charges | 9,470.56 |
| Escrow Advance | 6,150.89 |
| Property Inspection/Preservation fees | 398.25 |
| NSF Fees | 60.00 |
| Committee fees and costs | 2,906.80 |
| Prior Foreclosure fees and costs | 35,454.93 |
| **TOTAL DEBT** | **716,466.92** |

**B. Total Arrearage As Of November 29, 2004**

| | |
|---|---:|
| 43 Monthly Payments (5/1/01 – 11/1/04) @ 5,139.86 | 221,013.98 |
| Accrued Late Charges | 9,470.56 |
| Escrow Shortage | 6,150.89 |
| Property Inspection/Preservation fees | 398.25 |
| NSF Fees | 60.00 |
| Committee fees and costs | 2,906.80 |
| Prior Foreclosure fees and costs | 35,454.93 |
| **TOTAL ARREARAGE** | **275,455.41** |

**C. Post-Petition Attorney fees**     300.00

**TOTAL ARREARAGE TO BE PAID THROUGH PLAN**     **275,755.41**

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on May 17, 2005, to the following:

Farzad Moazed
210 River Run
Greenwich, CT 06831
(Pro se Debtor)

Molly T. Whiton, Esq.
10 Columbus Blvd, 6th Floor
Hartford CT 06106
(Trustee)

US Trustee
265 Church Street
Suite 1104
New Haven, CT 06510-7016

_____
Linda J. St. Pierre

FROM: ZOD
DATE: 02-18-05

Rapoport
203-357-7176

Jodi

February 17, 2005

**Via e-mail and facsimile 203-629-2545**
M. Dean Montgomery, Esq.
Bentley Mosher Babson & Lambert
321 Railroad Avenue
Greenwich, CT 06836
203 629-2424

370
1267

Re:   Moazed
      Vs. First Union, et al
      Loan No. 0000038582
      Property: 367 West Hill Road, Stamford, CT

Dear Dean:

Pursuant to your request, the following is the amount needed to pay off the mortgage loan from the above matter through and including November 30, 2004 (you will need to verify and pay any committee fees and costs incurred by the Committee:

| | |
|---|---:|
| Principal balance | $533,817.87 |
| Interest to 11/30/04 ($131.63 Per Diem) | 175,973.25 |
| Late Charges | 1,721.92 |
| Property Inspection fees | 338.25 |
| Attorney's fees in Foreclosure to 8/17/04 | 21,150.00 |
| Costs in foreclosure to 8/17/04 | 7,979.58 |
| Escrow Advance | 35,887.28 |
| Recording Fee (Release Lis Pendens) (A) | 13.00 |
| Recording Fee (Release of Mortgage)(A) | 23.00 |
| Overnight Delivery Fee (A) | 13.00 |
| Accumulated NSF charge | 60.00 |
| **Total Due as of November 30, 2004** | **$776,977.15** |

*PLEASE NOTE:* Estimates are those fees or costs (Marked as E) for items which have been ordered, but the exact amount of which have not yet been determined. Anticipated costs are those costs (marked as A) for items which will be ordered prior to the payoff date contained in this letter. Any fee or cost line item for which a figure of $0.00 is indicated do apply to your particular loan. If, for any reason, those anticipated costs have not been

POQuoteNew
File No. 01741-62298

1,700,000

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: JEFF MILNE | FROM: ZOD MOAZED |
| COMPANY: HUNT LEIBERT | DATE: 06-28-05 |
| FAX NUMBER: 860-240-9240 | TOTAL NO. OF PAGES INCLUDING COVER: 02 |
| PHONE NUMBER: 860-240-9140 | SENDER'S REFERENCE NUMBER: |
| RE: REFI | |

☐ URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Jeff:

Thanks for the message you left on my answering machine this morning. Also, I hope all went well with your wife yesterday.

Jeff, I have 2 main discrepancies with your numbers provided in your June 14th pay off letter that I'll illustrate below:

1) Interest; from 05/01/2001 to 07/10/2005 or exactly 50 months or 1,520 days @ $131.63 = $200,077.60 or $6,871.68 is the amount which your interest calculation oversataes. 2) In your June 14th letter, I do not understand as to why do you go out all the way to July 22nd because that adds another $2,895.86 more to your numbers. 3) As I spelled out in a whole paragraph in my letter dated 06/22/05, the contested legal fees(contested by Dean Montgomery to which he has not received an explanation), the unaccounted amount for August-November is $6,101.38. If we were to allow $781.94 per month for your fees, even though during that period your work load had decreased substantially, then, the difference between $6,101.38-$2,300=$3,801.38, overstated fees. Thus, when you add $6,871.68 +2,895.86 +3,801.38 =$13,568.92 that is the minimum amount of discrepancy that I come up with.

Please explain?

Zod Moazed
*Farzad* (signature)

CC: Melissa Reynolds

---

### FACSIMILE TRANSMITTAL SHEET

---

| | |
|---|---|
| TO: JEFF MILNE | FROM: ZOD MOAZED |
| COMPANY: HUNT LEIBERT | DATE: 06-30-05 |
| FAX NUMBER: 860-249-9240 | TOTAL NO. OF PAGES INCLUDING COVER: 04 |
| PHONE NUMBER: 860-240-9140 | SENDER'S REFERENCE NUMBER: |
| RE: YOUR FAX | |

---

☐ URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Dear Jeff:

Thank you for your fax dated 06/29/05.

Per my fax dated 06/28/05 (copy attached), to which you have not provided the requested breakdowns, I again reiterate that I need these breakdowns for the following items:

1) Interest calculation; (difference of $6,871.68) has been spelled out in my fax of 06/28/05.

2) I asked the reason as to why your pay off figures go out all the way to July 22nd, 2005 ( for a difference of $2,895.86) to which you again do not provide a response.

3) Regarding your legal fees, I need to see a copy of the asserted and approved legal fees for $29,129.58. Second, how do you account, at best case scenario, for the difference between $34,251.38 for legal fees provided in your June 14th pay off letter and the $29,129.58 provided in your fax dated 06/29/05 or the amount of $5,121.80?, as you already have charged for Linda St. Pierre's Chapter 13 legal fees.

Again, you do not account for $6,871.68 (interest) + $2,895.86 (interest) + $5,121.80 = $14,889.34 This amount of $14, 889.34 is the amount that you either have to reduce your pay off figure by or provide sufficient proof and breakdowns to the contrary in order to proceed.

Thus, according to my calculation, your pay off figure (assuming that you have the proper proof for legal fees of $29, 129.58) of $822,795.26 (your letter of 06/14) less $14,889.34 the amount of discrepancy that I have accounted for, then the true pay off figure ought to be $807,795.26. Please do not delay this refinancing any further, as we have been waiting for your breakdown numbers since 06/15/05.

Please advise immediately.

*[signature]*
Zod Moazed

CC: Melissa Reynolds

Farzad Moazed
210 River Run
Greenwich, Ct. 06831

06-24-2005

Via Overnight Mail
The Honorable Ellen Bree Burns
United States Court Judge
141 Church Street
New Haven, Ct. 06510

Re: Moazed V. First Union Mortgage Corporation

Honorable Judge Burns:

As a copy of a Good Faith Estimate by Franklin First Mortgage Co. reveals, we have a commitment of $833,000 in order to pay off the outstanding debt my wife and I have to First Union Corporation. After receiving a pay off letter (copy attached) of June 14, 2005, from Jeff Milne, during the last 8 days and 3 communications via fax correspondences, I have asked for breakdowns for discrepancies which exist between his numbers and ours. The information for which I have asked breakdowns for are listed below:

1) Interest from 05/01/2001 ($131.63 per diem) $206,949.28?

2) Escrow/Impound Advance $41,058.69?

3) Legal Fees of $34,251.38 & $1,000?

My numbers differ with his in each of the three categories and I feel that we have a right to be able to review in detail the numbers he has submitted. As of this writing, he has refused to provide any of the requested breakdowns. We are prepared to make up the difference for any legitimate deficit only after having been provided the requested breakdowns and being able to make our independent comparisons.

Truthfully, standing in the way of progress by refusing to provide the requested breakdowns is unfair and unjust.

I respectfully plead with the Court to prevail upon Jeff Milne to provide the requested documentation, enabling us to proceed with this refinancing.

Respectfully,

*[signature: Farzad Moazed]*
Fod Moazed

# GOOD FAITH ESTIMATE

Applicants: FRAZAD MOAZED / JANET MOAZED
Property Addr: 367 WEST HILL RD, Stamford, CT 06902
Prepared By: Franklin First Financial LTD  Ph. 631-864-2771
329 Hempstead Turnpike, West Hempstead, NY 11552

Application No: MOAZED
Date Prepared: 02/23/2005
Loan Program:

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbers contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at...

Total Loan Amount $ 533,000   Interest Rate: 12.990 %   Term: 360 / 360 mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | |
|---|---|---|---|
| 801 | Loan Origination Fee | 1.455% | $ 12,078.50 |
| 802 | Loan Discount | 0.600% | 4,185.00 |
| 803 | Appraisal Fee | | |
| 804 | Credit Report | | |
| 805 | Lender's Inspection Fee | | 9.00 |
| 806 | Mortgage Broker Fee | | |
| 809 | Tax Related Service Fee | | |
| 810 | Processing Fee | | 505.00 |
| 811 | Underwriting Fee | | |
| 812 | Wire Transfer Fee | | |
|  | Application Fee | | 495.00 |
|  | tribeca lending | | 395.00 |
|  | tiboca landing | | 750.00 |
|  | tribecalending | | 395.00 |

| 1100 | TITLE CHARGES: | | |
|---|---|---|---|
| 1101 | Closing or Escrow Fee: | | $ |
| 1105 | Document Proporation Fee | | 50.00 |
| 1106 | Notary Fees | | 650.00 |
| 1107 | Attorney Fees | | 750.00 |
| 1108 | Title Insurance: | | 2,280.00 |
|  | | | 350.00 |
|  | | | 250.00 |

| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES: | | |
|---|---|---|---|
| 1201 | Recording Fees: | | $ 200.00 |
| 1202 | City/County Tax/Stamps: | | |
| 1203 | State Tax/Stamps: | | |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | |
|---|---|---|---|
| 1302 | Pest Inspection | | $ |

Estimated Closing Costs                                                23,322.50

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | |
|---|---|---|---|---|
| 901 | Interest for | days @ $ 300.5742 | per day | $ |
| 902 | Mortgage Insurance Premium | | | |
| 903 | Hazard Insurance Premium | | | |
| 904 | | | | |
| 905 | VA Funding Fee | | | |

| 1000 | RESERVES DEPOSITED WITH LENDER: | | | |
|---|---|---|---|---|
| 1001 | Hazard Insurance Premiums | months @ $ | per month | $ |
| 1002 | Mortgage Ins. Premium Reserves | months @ $ | per month | |
| 1003 | School Tax | months @ $ | per month | |
| 1004 | Taxes and Assessment Reserves | months @ $ | per month | |
| 1005 | Flood Insurance Reserves | months @ $ | per month | |
|  | | months @ $ | per month | |
|  | | months @ $ | per month | 45.00 |

Estimated Prepaid Items/Reserves                                          45.00

TOTAL ESTIMATED SETTLEMENT CHARGES                                  23,367.50

COMPENSATION TO BROKER (Not Paid Out of Loan Proceeds):          $

TOTAL ESTIMATED FUNDS NEEDED TO CLOSE:
Purchase Price/Payoff (+)   509,000.00   New First Mortgage (-)
Loan Amount (-)             533,000.00   Sub Financing (-)
Est Closing Costs (+)        23,322.50   New 2nd Mtg Closing Costs (-)
Est Prepaid Items/Reserves (+)   45.00
Amount Paid by Seller (-)

TOTAL ESTIMATED MONTHLY PAYMENT:
Principal & Interest                9,200
Other Financing (P & I)
Hazard Insurance
Real Estate Taxes
Mortgage Insurance
Homeowner Assn. Dues
Other

Total Est. Funds to you                     622.50   Total Monthly Payment    9,200

This Good Faith Estimate is being provided by _____, a mortgage broker, and no loan has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs" and if applicable the Consumer Handbook on ARM Mortgages.

Applicant  FRAZAD MOAZED                              Date       Applicant  JANET MOAZED                              Date

Calyx Form gfe.frm 11/01

06/15/2005  21:23   6316643211                        FRANKLIN FIRST FIN                          PAGE
    06/15/05  WED 15:51  FAX 5606245602               H L C & J



Hunt Leibert Jacobson, P.C.
Attorneys at Law
Hartford & Fairfield, Connecticut

50 Weston Street
Hartford, CT 06120
Telephone: (860) 808-0606

June 14, 2005

VIA FACSIMILE: (631) 370-1207
Attn: Lisa Rotolo

Re:   Everhome Mortgage Company
      Vs. Farzad Moazed, et al
      Loan No. 0000038562
      Property: 367 West Hill Road, Stamford, CT

Dear Ms. Rotolo:

Pursuant to your request, the following is the amount needed to pay off the mortgage loan from the above matter through and including July 22, 2005:

| | |
|---|---:|
| Principal balance | $533,817.87 |
| Interest to 7/22/05 ($131.63 Per Diem) | 206,949.28 |
| Escrow/Impound Advance | 41,058.69 |
| Unpaid Late Charges | 10,762.00 |
| Property Inspections | 396.00 |
| Recording Fee | 13.00 |
| BPO Fee | 115.00 |
| NSF Fees | 60.00 |
| Less: Uncollected Late Fees | (9,801.04) |
| PIR Fees | 24.75 |
| Attorney's Fees & Costs in Bankruptcy | 1,000.00 |
| Contested Fees | 34,251.36 |
| Title search fee, including certified copies | 180.00 |
| Court Entry Fee | 190.00 |
| Marshal Fee | 273.55 |
| Appraisal Fees (2) | 670.00 |
| Committee Fees | 2,906.38 |
| Recording Fee-Release of Lis Pendens (A) | 13.00 |
| Overnight Delivery Fee (A) | 15.60 |
| **Total Due as of July 22, 2005** | **$822,795.26** |

**\*PLEASE NOTE:** Estimates are those fees or costs (Marked as E) for items which have been ordered, but the exact amount of which have not yet been determined. Anticipated costs are those costs (marked as A) for items which will be ordered prior to the payoff date contained in this letter. Actual recording fee is subject to passing of pending legislation and any overpayment will be refunded. Any fee or cost line item for which a figure of $0.00 is indicated do not apply to your particular loan. If, for any reason, those anticipated costs have not been incurred prior to receipt of the payoff funds, these anticipated costs will be refunded to you by our office, if received by us, or by our client if received by our client. To the extent funds are received in payment of such anticipated or estimated items, any excess funds, after payment of the actual charges will be refunded to you as above. \*\*Please read page two (2) Carefully.\*\*

To:   Lisa Rotolo