UNITED STATES DISTRICT COURT

JANET MOAZED                                          3:02 CV 91 (EBB)


V.


FIRST UNION MORTGAGE CORPORATION
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS                           SEPTEMBER 23, 2005


## OBJECTION TO MOTIONS ADDRESSED TO DEBT

The Plaintiff, First Union Mortgage Corporation, n/k/a Wachovia Mortgage

Corporation, Objects to the Motion for Consideration of Penalties filed by the Defendant,

Farzad Moazed dated September 13, 2005. In support of this Objection, the Plaintiff

represents as follows:

1.  This Court entered a Judgment of strict foreclosure in this case on August 17,

    2004. At that hearing, the Defendant, Farzad Moazed, failed to appear.

    Accordingly, any objection to the amount of the debt or its computation was

    waived by Mr. Moazed. Bank of Stamford v. Alaimo, 31 Conn. App. 1 (1993).

    Furthermore, under Federal Rule of Civil Procedure 60, the one year period has

    passed to challenge that Judgment.

2.  The Court made a finding of the amount of the debt as follows:

    Debt as of August 17, 2004: **$734,001.76**

Hazard and tax escrow **$35,887.28** (with interest accruing at 9% on the tax escrow and the principal of **$533,817.87;**

Attorneys fees to August 17, 2004: **$21,150**

Costs: **$7,979.58**

3. Thereafter, the Judgment was converted to a foreclosure by sale and a sale date was set for December, 2004. Prior to the sale date, the Defendant, Farzad Moazed, filed a Chapter 13 bankruptcy petition, which invoked an automatic stay of the foreclosure proceedings.

4. In or about May, 2005, the Plaintiff obtained relief and/or dismissal from the bankruptcy case.

5. In June, 2005, Mr. Moazed began contacting our office requesting breakdowns of the payoff figures regarding interest, the escrow and attorneys fees.

6. On June 22, 2005 ("letter to borrower #1), the undersigned sent a facsimile to Mr. Moazed, which address the concerns he raised, except for the escrow information, which was in the process of being provided by the Plaintiff.

7. In letter to borrower #1, the undersigned advised that the prospective lender indicated a shortfall to close any refinance of $26,596. After negotiations between the prospective lender and Mr. Moazed, that shortfall was claimed to have been reduced to $14,066 to close on a refinance. Notwithstanding this shortfall, letter to borrower #1 address:

-late charge calculations;

-legal fees awarded in the judgment plus claimed legal fees in the bankruptcy case;

-an increase in the escrow to $41,058.59 **($5,171.31 more than the judgment)**

**-that the court permitted interest on the escrow, which sum was $3,421 as of July 22, 2005.**

8.  By letter dated June 29, 2005 ("letter to borrower #2"), the undersigned provided Mr. Moazed with a breakdown of attorneys fees incurred since August 17, 2005, which sum totaled $2145, plus $1,000 for the bankruptcy proceedings. Additional legal fees have been incurred subsequent to that date. This letter also affirmed the interest calculations on the debt, notwithstanding that the ability to challenge the calculation of interest was waived when not raised at the original hearing on August 17, 2005. Bank of Stamford v. Alaimo, 31 Conn. App. 1 (1993).

9.  On July 12, 2005, the undersigned's wife was diagnosed with cancer, requiring my attention.

10. On July 13, 2005, the undersigned sent a third letter to the borrower (letter to borrower #3), which contained a breakdown of the escrow amount of $46,324.92, which number did increase from letter to borrower #1 because the taxes were paid by the Plaintiff.

11. On July 14, 2005, the undersigned sent a fourth letter to the borrower ("letter to borrower #4), which set forth, for the third time, the interest calculation on the debt. Mr. Moazed is trying to reduce an entire month of interest, which argument was waived when he failed to attend the judgment hearing on August 17, 2004.

12. On July 25, 2005, the undersigned wrote to Mr. Moazed again, stating that the interest calculation were accurate (fourth time) and further affirmed that there

was, based upon information provided by the proposed lender, an $18,000

shortfall to close on the refinance.

13. On July 27, 2005, the undersigned faxed a new payoff statement to Mr. Moazed,

which is still being disputed by Mr. Moazed.

14. Connecticut case law does not support the ability of a borrower to compel a lender

to produce unlimited explanations of the debt in order to permit a

refinance. Citizens Bank of Connecticut v. Quantum, 2005 Conn. Super LEXIS

1146. In that case, the superior court denied a motion by a borrower to require a

lender to produce and prove the amount of its payoff, as there was an absence of

subject matter jurisdiction due to the inability of the borrower to pay a

commitment fee as part of the closing of the refinance. In the instant case, Mr.

Moazed has not shown that he has $18,000 in cash to cover and shortfall as

identified by the prospective lender. Therefore, Mr. Moazed's efforts to

unilaterally reduce the amount of the Plaintiff's debt, after judgment has entered,

should be denied on a few grounds.

15. The Plaintiff issued a new payoff letter to Farzad Moazed on September 21,

2005. In response, Mr. Moazed has asked that the Plaintiff reduce its debt,

without explanation. Throughout the entire period of this dispute, the Plaintiff has

not taken any action to have a new judgment enter, in an effort to work with Mr.

Moazed so that the matter can be resolved. The simple reality is that Mr. Moazed

is "short cash to close" on this transaction.

16. Plaintiff will now proceed to file a new Motion for Judgment in this case.

WHEREFORE, all Motions by Farzad Moazed to challenge, compute or address the debt should be denied.

The Plaintiff

By _____
Geoffrey K. Milne ct/12854
Hunt Leibert & Jacobson, PC
50 Weston Street
Hartford, CT 06120
860-240-9140
860-240-9240 (fax)

ORDER

SUSTAINED/OVERRULED

_____
JUDGE

1 of 100 DOCUMENTS

**Citizens Bank of Connecticut v. Quantum 318, LLC et al.**

CV044001241

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF
MIDDLESEX, AT MIDDLETOWN

*2005 Conn. Super. LEXIS 1146*

**April 29, 2005, Decided**
**April 29, 2005, Filed**

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a foreclosure action filed by plaintiff note holder, defendant debtor filed an emergency motion to adjudicate the note holder's pay-off amount.

**OVERVIEW:** The debtor claimed that it was trying to arrange refinancing so that it could tender the pay-off amount pursuant to *Conn. Gen. Stat. § 49-23*. The debtor claimed that, without a precise indication of the pay-off amount, it did not want to incur the $ 45,000 application fee. It claimed that the note holder incurred $ 270,000 in attorneys fees and costs that the note holder was to propose to add to the judgment if there was eventually a foreclosure. The debtor requested an emergency hearing to determine their reasonableness, arguing that, once the fees were reviewed and were reduced by a court, the debtor was to know whether or not it had a pay-off amount that justified the payment of an application fee in connection with its effort to refinance. The issue was not ripe for adjudication. The debtor failed to tender an amount that it believed extinguished the debt, with interest and the costs of suit, nor did it make a showing that it was ready, willing, or able to do so. The debtor indicated that it was considering applying for financing. The debtor did not

indicate that, if the application was made, the funds were to be forthcoming.

**OUTCOME:** The motion was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Preclusion & Effect of Judgments > Res Judicata*
*Real & Personal Property Law > Mortgages & Other Security Interests > Remedies on Default*
[HN1] See *Conn. Gen. Stat. § 49-23*.

*Civil Procedure > Justiciability > Ripeness*
[HN2] The basic rationale of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.

*Civil Procedure > Justiciability > Ripeness*
[HN3] Courts may not be compelled to decide claims of right which are purely hypothetical.

**JUDGES:** Jonathan E. Silbert, Judge.

**OPINIONBY:** Jonathan E. Silbert

**OPINION:** MEMORANDUM OF DECISION RE EMERGENCY MOTION TO ADJUDICATE PLAINTIFF'S PAY-OFF AMOUNT

The defendant in this foreclosure action has filed what it entitles a "Emergency Motion to Adjudicate Plaintiff's Pay-Off Amount," claiming that it is trying to arrange refinancing and that without a precise indication

of the pay-off amount, it does not want to incur the $ 45,000 application fee. Its principal contention at this time is that it is aware that the plaintiff has incurred $ 270,000 in attorneys fees and costs which it will propose to add to the judgment if there is eventually a foreclosure. The defendant views these fees as excessive and requests an "emergency hearing" on them in order to determine their reasonableness. It argues that once a judge has reviewed those bills and cut them down to size, the defendant will know it whether or not is has a pay-off amount that justifies the payment of a hefty application fee in connection with its effort to refinance.

The plaintiff [*2] disputes the claim that the fees charged by its attorneys are excessive. More to the point of the present motion, its principal argument in response is that at this point in the proceedings, that the issue raised by the defendant is not ripe, and hence nonjusticiable.

The defendant relies on *General Statutes § 49-23*, which provides: [HN1] "In any action brought by a mortgagee of real estate, or any person holding title under him, against the mortgagor, or any person holding title to the estate under him, to obtain possession of the estate by virtue of title derived by mortgage, a tender by the defendant of the amount of the debt, with interest and the costs of the suit, is a bar to its further prosecution." Quantum's contention is that it wishes to consider obtaining funding so that it may tender "the amount of the debt, with interest and the costs of suit," but that it cannot do so when some of those costs, in this case the attorneys fees, are outrageously high. n1 The problem with that argument is that the defendant has not tendered an amount which it believes extinguishes the debt, with interest and the costs of suit, nor has it even made a showing that it is [*3] ready, willing and able to do so. It has indicated only that it is considering applying for financing, but other then that representation, there has been no proffer of evidence to suggest that, were an application made, the funds would be forthcoming. Rather, the defendant's motion seems to be more in the nature of an effort to obtain a preliminary and declaratory ruling that what seems to be a very large sum for attorneys fees is in fact an unreasonable one.

n1 At oral argument, the defendant alleged that its own attorneys fees to date total somewhat over $ 16,000, or about 6% of that being charged by plaintiff's counsel.

By way of precedent, the defendant cites only *Green Tree Servicing v. LaPointe*, Docket No. HHD-CV-04-0833370-S, judicial district of Hartford, in which a motion entitled "Emergency Motion to Adjudicate Plaintiff's Pay-Off Amount" was granted by the court without opinion and, apparently, without opposition. The court's order, however, only fixed the debt and per diem interest amounts, and [*4] ignored the defendant's request for "a complete and exact accounting and explanation of the amount requested by the plaintiff in its pay-off letter and to adjudicate and issue an order in this matter regarding the amount to be paid to the plaintiff by the defendant as full and final satisfaction of the debt to the plaintiff, *including fees and costs*" (emphasis added). Thus, the *Green Tree Servicing* case does not provide useful precedent for the relief sought by the defendant in this case.

As the court noted in *Forcier v. Sunnydale Developers, 84 Conn.App. 858, 865, 856 A.2d 416 (2004)*, [HN2] "the basic rationale of the ripeness doctrine is to prevent the courts, though avoidance of premature adjudication, from entangling themselves in abstract disagreements." [HN3] Courts therefore, may not be "compelled to decide claims of right which are purely hypothetical." *Esposito v. Specyalski, 268 Conn. 336, 350, 844 A.2d 211 (2004)*. In the absence of any evidence of an imminent closing that would produce funds sufficient to pay off the Citizens Bank loan principal plus interest, not to mention fees and costs, the effort to force the plaintiff to justify its attorneys [*5] fees and, therefore, on that basis, possibly to reduce the amount of the total debt, is a purely hypothetical one at this point. Although, at oral argument, the defendant suggested that if the court would permit an evidentiary hearing, it would produce evidence of a commitment for funding in some reasonably certain amount, the court feels that such evidence should have been presented at the time that the court heard argument on the instant motion. If the defendant were in fact to tender an amount to the plaintiff sufficient to cover the debt, interest and the costs of suit, which tender the plaintiff were to reject, it is possible that a justiciable event would have occurred. At present, however, there is no such event, the claims being advanced by the defendant are not ripe, and the emergency motion to adjudicate the pay-off amount should therefore be denied on that basis alone.

Additionally, even if the claim raised by the defendant were justiciable, there is nothing in the representations it has made that would elevate its concern about the plaintiff's attorneys fees to the level of an "emergency." The defendant will have ample opportunity to litigate that issue in the normal course [*6] of events.

Jonathan E. Silbert, Judge



Hunt Leibert Jacobson, P.C.
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

June 22, 2005

**Via facsimile 212-259-2093**
Farzad Moazed

**THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

Re: 367 West Hill Road, Stamford, Connecticut

Dear Mr. Moazed:

This letter is intended to summarize the numerous and multiple communications which have occurred between you and I over the last couple of weeks in connection with your efforts to refinance the first mortgage on the above property to payoff of the existing balance due and owing. All of these communications have occurred subsequent to the dismissal of your bankruptcy.

On or about June 16, 2005, we received, with your consent, a copy of the good faith estimate in connection with the proposed loan. That good faith estimate showed that you were *short $26,596 to close.* Thereafter, it is my understanding that the broker working on your behalf agreed to reduce their commission and a revised good faith estimate was issued on June 16, 2005, which showed *a shortfall of $14,066 to close.* In an effort to address the shortfall so that the matter can close, you have asked our office to supply a series of answers to a number of questions, all of which, to my knowledge , have been answered to date except for the breakdown of the escrow, which is provided below. As of

yesterday, you advised that you were "**short to close**" by **$10,000**, however, we have asked for a written representation from the lender in this regard and to date we have not received the same. The information we have received from the lender today is that you are short **to close by $18,771.76.**

You have requested that our office verify with the lender the interest computations. We have verified those amounts with the lender and communicated that information to you. The lender has verified that the interest calculations are correct, and the per diem itemization in our letter sets forth the appropriate per diem based upon the principal balance. As already discussed, if the loan closes prior to July 22, 2005, you may simply deduct the per diem based upon the exact closing date. We compute the date out for 30 days to avoid having to supply multiple payoff letters in a short period of time.

As more fully discussed, the late charges which are being imposed are $860.96, which sum represents $10,762, minus $9,901.04. Again, we have already discussed this issue twice.

In connection with legal fees, you have asked our client to waive certain legal fees. They are not prepared to waive any legal fees incurred in connection with this loan and the lengthy litigation history involved in it, which also included entry of an order of sanctions for bad faith pleading and a finding of contempt related to the transfer of property. The court has already approved legal fees and costs of $29,129.58 as of last summer. As further discussed, I was not involved in the bankruptcy portions of the case but there were legal fees and costs incurred for that portion of the case of $1,000. In addition, there were committee fees and expenses of $2,906.38 for the aborted sale, based upon the bankruptcy filing on the eve of the sale.

We have incurred additional legal fees in this case, including but not limited to: preparing the forms for the court ordered auction, as reflected in the enclosed documents. We also had communications with the committee to prepare for the auction and engaged in efforts to obtain the bidding instructions. I had communications with the appraiser to update his report for the Court ordered auction. I have also had multiple conversations with you and Franklin First in an effort to resolve your efforts to refinance the loan, including but not limited to drafting this letter.

The loan documents permit us to add interest to the escrow advances at 9%, which we will do and will issue a revised payoff figure to you.

Please further be advised that since the bankruptcy court dismissed your case, we have not filed any motions to enter a sale date with the Court in an effort to assist in the resolution of this matter, however, will proceed to do so next week and our claim for attorneys fees will necessarily increase.

In connection with the escrow, the lender has paid $34,994.89 in taxes, plus hazard insurance of $6,063.70. This is a total of $41,058.59. As we discussed yesterday, we are

permitted interest at 9% on these amounts, which is $3,421 through July 22, 2005. This sum will be added to the revised payoff figure.

Based upon a shortfall of almost $18,000, I am unclear how this matter is going to close.

Very truly yours,

Geoffrey K. Milne

# Hunt Leibert Chester & Jacobson, P.C.

*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 808-0606
Facsimile: (860) 240-9240

Geoffrey K. Milne
(860) 808-0606 Ext. 5140
gmilne@hlcj.com

November 12, 2004

**Via overnight mail**
The Honorable Ellen Bree Burns
United States District Court Judge
141 Church Street,
New Haven, CT 06510

Re: <u>Moazed v. First Union Mortgage Corporation</u>

Dear Judge Burns:

Enclosed you will find a sample order for the terms and conditions of the auction to be held on December 4, 2004 at Noon in connection with this matter. By copy of this letter, I am advising the Committee, Attorney John Regan, to utilize the Connecticut Judicial Branch web site for all of forms needed, including but not limited to the Committee Deed, the Committee Report and Notice to Bidders.

In the event the court requires any additional documentation for the sale, please have your Clerk contact me.

Thank you for your consideration of this matter.

Very truly yours,

Geoffrey K. Milne

# UNITED STATES DISTRICT COURT

JANET MOAZED                                          3:02CV 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION              November 12, 2004

Uniform Procedures for Foreclosure by Sale Unless otherwise ordered, these are the
<u>Standing Orders for the   Foreclosures by Sale:</u>

1.    Sale will take place at 12:00 noon on the premises.

2.    Inspection will occur from 10:00 a.m. to 12:00 noon on the date of sale unless otherwise designated.

3.    The deposit is 10% of the fair market value as found by the Court. The deposit is waived for the plaintiff
      unless requested otherwise. Deposit is to be paid by either bank or certified check. Purchaser is to close
      within 30 days of the Court's approval of the committee deed. The deposit shall be forfeited if the
      purchaser fails to close within 30 days of the approval of the committee deed.

4.    Advertisement is to be published twice in a newspaper as directed by the court.

5.    The sign is to be placed on the premises not less than 20 nor more than 30 days prior to the sale.

6.    The size of the sign is to be 3 feet wide and 2 feet high and must contain the following
      statement: DO NOT REMOVE; VIOLATION SUBJECT TO PUNISHMENT BY THE
      COURT.

7.    Cost of the sign is not to exceed the amount authorized by the court including preparation,
      erection and photograph for inclusion in committee report.

8.    Committee is authorized to replace the sign once without court approval, provided the sign can be
      erected at least ten days prior to sale. DO NOT ERECT THE SIGN YOURSELF.

9.    A disinterested appraiser will be appointed and will, under oath, appraise the property and make return
      of the appraisal to the Clerk of the Court at least seven days prior to the sale. The court will retain this
      appraiser.

10.   Committee is to obtain liability insurance for the date of the sale in the amount of $1,000,000. Premium
      not to exceed $250.00.

11.   Except for filing an appearance, if the sale is more than two months in the future, the committee should
      incur no fees or expenses until 45 days prior to the sale.

12.  If the sale is cancelled for any reason after publication or erection of the sign, a written announcement of cancellation should be posted at the site. The committee is to remain on site in that event.

13.  The following information is to be contained in the Court ordered letter to the nonappearing defendant owner of the equity. a.) Clearly state at the beginning that the letter is being sent at the direction of the Court; b.) State the results of the foreclosure judgment; c.) Inform the nonappearing equity owner that he/she/they risk loss of

the equity if he/she/they fail to take steps to protect that equity AND THAT HE/SHE/THEY SHOULD CHECK WITH THE COURT AFTER THE SALE TO LEARN IF THERE IS ANY MONEY THAT IS DISTRIBUTABLE TO HIM/HERITHEM; d.) State that the nonappearing party should either file his/her own appearance or have an attorney file one on his/her/their behalf in order to protect his/her/their interest in the equity. This letter is to be sent by the plaintiff via certified mail, return receipt requested. A copy of the letter and later the return receipt should be sent to the Clerk of the Court. NO SALE WILL BE APPROVED OR FUNDS DISBURSED WITHOUT PROOF OF MAILING.

15.  The sale is subject to any and all liens choate and inchoate which are prior in right to the encumbrance being foreclosed.


**By Order of the Court**

## UNIFORM PROCEDURES FOR FORECLOSURE BY SALE MATTERS

## INSTRUCTIONS TO COMMITTEE

These instructions and guidelines have been prepared to assist you in the performance of your duties as a court appointed committee of the Superior Court. Therefore, it is the expectation of the court that you will discharge this responsibility competently and efficiently and with due regard for the interests of the parties and the court. The simplified procedure embodied in the instructions should be reflected in the quality of your work and the appropriateness of your fee.

## GENERAL RESPONSIBILITIES

Your appointment is a personal appointment. You should file a personal appearance and not a firm appearance. Your duties may not be delegated to anyone else without prior approval of the court. Absent a significant reason why you cannot personally appear to argue your own motion (for example, a health or family emergency), the court will not hear argument on your motion without your presence. Any questions regarding the need for you to appear for a motion should be directed to the foreclosure clerk at the appropriate Judicial District. The Foreclosure by Sale Committee Report must be filed promptly using the prescribed Judicial Branch form, JD-CV-75, if appropriate. When the committee report is filed, the committee may request the court's consideration for an order directing the plaintiff or the clerk of the court to reimburse expenses and pay fees within 30 days of the approval of sale.

The judgment may include a date after which you may begin to incur fees and expenses. However, you should file an appearance immediately to ensure receipt of future court notices and pleadings.

After filing an appearance, the Committee should contact the Plaintiffs attorney.    If the Plaintiffs attorney has an appraisal of the subject property, the Committee should review it so as to be familiar with the property. The Committee should work closely with the Plaintiffs attorney, who may have extensive information regarding the property and its condition.

The Committee should go to the Superior Court and review the foreclosure file to confirm information about the file, as well as keeping abreast of subsequent pleadings (particularly bankruptcy filings which would stay the foreclosure auction procedures). The court file will also have the names and telephone numbers of the court-appointed appraiser and other information that may not have been contained in the initial notice.

The Plaintiff should have had a title search conducted at the time of initiating the foreclosure action to ensure that there are no liens or other encumbrances that were not listed on the Plaintiffs complaint. The Committee is not to incur any further expense in searching the title for the property.

If you will be unavailable on the date of the sale or are otherwise disqualified from serving, you should contact the foreclosure clerk immediately so that a new committee may be appointed in your place.

You are not authorized to alter the terms of the judgment without court approval. Questions, after consultation with counsel and the foreclosure clerk, should be submitted to the court in the form of a Motion for Advice. If a Motion for Advice would not be printed on the short calendar in time to provide timely advice, you should contact the foreclosure clerk for an expedited assignment on the write-in list.

If your duties are terminated before commencement of service, you should immediately notify the foreclosure clerk.

## APPEARANCE IN COURT

You no longer need to attend court to seek approval of a sale unless you are aware of a likely objection or are ordered by the court to do so. Generally, you need only attend court to obtain the advice of the court in limited circumstances described below. You should not attend court for argument on motions for extension or modification of a sale. Any unnecessary appearance in court will not be approved for compensation.

## LEGAL ADVERTISEMENTS

You are to place the advertisement in the newspaper in a format (style) that is directed to you by the court. The advertisement is to be published twice unless otherwise ordered by the Court.

Under special circumstances such as where the property is unique, commercial or industrial, you should consider a display advertisement. Prior approval of the court will be necessary. A cost estimate must be provided.

An affidavit of publication from the newspaper, including a copy of the advertisement, is to be attached to the Foreclosure by Sale Committee Report; therefore request an affidavit when you place the advertisement.

## APPRAISER

The court will retain a disinterested appraiser to appraise the property pursuant to Connecticut General Statute §49-25. The appraiser's report shall be made under oath and returned to the clerk of the court at least seven days prior to the sale.

## SIGN ON PREMISES (IF ORDERED)

The sign must be placed on the premises not less than 20 or more than 30 days prior to the sale. The sign shall be 3 feet wide and 2 feet high and must contain the following statement: DO NOT REMOVE; VIOLATION SUBJECT TO PUNISHMENT BY THE COURT. It is typical to include the case caption, the name, address and telephone number of the Committee, the date and time of the auction, and the amount and type of deposit required. When providing information to be printed on the sign, make sure the sign vendor verifies the information with you, in writing, prior to printing the sign. Cost of sign shall not exceed the amount authorized by the court, including preparation, erection, and photograph for inclusion in Foreclosure by Sale Committee Report. You are authorized to replace the sign once without court approval, provided the sign can be erected at least ten days prior to sale. You are authorized to hire someone to erect sign. DO NOT ERECT SIGN YOURSELF.

## ACCESS TO PREMISES

You should contact the persons in control of the premises (through counsel or if necessary directly) to establish the accessibility of the premises on the date of the sale.

The order permitting entry allows you to obtain access to the premises from the owners of the equity or tenants who are named as defendants. (See sample Order Permitting Entry.) However, although you may use the order to gain access if the occupants of the premises agree, it does NOT allow you to obtain entry to the premises without consent. Under no circumstances should the Committee force entry into the property against the will of the defendant. If the Debtor is not living at the property, the Committee should try to obtain keys to enable the Committee to inspect the property and show the property to prospective purchasers prior to the auction. If prior to, on, or after the date of sale the committee has any questions regarding obtaining access to or securing the premises, you should IMMEDIATELY contact the foreclosure clerk.

## POLICE OFFICER

You are authorized to hire a police officer when, in your discretion, it is necessary because of the character of the neighborhood, a reasonable concern for safety, or security at the sale or any other reason which you, in good faith, reasonably believe warrants a police officer. The grounds for such a decision must be stated in the committee's report to the court.

## LOCKSMITH

The hiring of a locksmith without prior judicial approval is authorized only when the premises is actually or apparently unoccupied. "Unoccupied" means uninhabited and unfurnished. If after entry, it is discovered that the premises is occupied, you must withdraw, relock the premises and leave a note in a conspicuous place that keys may be obtained from you. You, not the successful bidder or the plaintiff, are responsible for securing the premises after the sale. If you are uncertain of how to proceed, a Motion for Advice may be filed with the court which will be addressed on an expedited basis.

## CONDITION OF PREMISES

Ordinarily the foreclosing plaintiff is responsible for the condition of the premises prior to sale. If however, you learn that certain emergency conditions are likely to impact the sale materially (e.g., leaking roof or burst pipes), you should first notify the plaintiffs attorney. If not corrected in sufficient time to avoid impacting the sale, the condition should immediately be brought to the court's attention by filing a Motion for Advice which will be addressed on an expedited basis.

## VIEWING PREMISES

You should inspect the premises as soon after the sign is erected as practicable. Ordinarily, there should be no further need to inspect except that viewing and inspection of premises should be conducted on the morning of the sale. However, you should do your best to become familiar with the property by consulting the appraisal and reviewing the physical specifications of the building in preparation for questions that may be asked by interested parties. From this data, a fact sheet should be prepared for inquiries prior to the sale.

## AUCTION

For information to be given to prospective bidders, see *Foreclosure by Sale Fact Sheet - Notice to Bidders, JD-CV-80.* The committee is to keep a list of all prospective bidders who register. It is customary for the Committee to inform the bidders of the bidding and transfer of title procedures. For legal issues that may arise, it may be more appropriate for the Committee to recommend that the bidder seek advice of his or her own counsel.

When the bidding has ended, the Committee must declare the bidding over, the auction closed and the successful bidder must execute the Sales Agreement, which must be witnessed and notarized. The Committee should explain the process for the Court approval of the sale and the deadline for transfer of title. Before leaving the premises, the Committee should make sure that all individuals have left the property.

## POST SALE PROCEDURE

The check for deposit and the balance of the funds from the closing should be deposited with the court on the next business day or as soon as possible thereafter. The successful bidder's check should be made payable to the bidder and endorsed to the "Clerk of the Superior Court" or if made payable to another, endorsed to the "Clerk of the Superior Court." You are not authorized to make any adjustments to the deposit or the purchase price.

In order for the sale and the committee's fees to be approved in the shortest period of time, the committee is encouraged to submit the Motion for Approval of Sale by the Wednesday following the sale. All additional motions and supporting documents (including the Foreclosure *by* Sale Committee Report in the form provided) must be filed with the clerk's office no later than two weeks after the filing of the Motion for Approval of Sale. The deed must be in the form of Foreclosure *by* Sale Committee Deed, JD-CV-74. Any deviation must be approved by the court.

## FEES AND COSTS

Committee fees will be approved only upon the filing with the Foreclosure *by* Sale Committee Report of an appropriate motion supported by an affidavit of service performance which must contain an itemization in units of time.

<u>NOTICE TO BIDDERS</u>

Pursuant to a judgment of foreclosure by sale rendered by the District  Court for the Judicial District of New

Haven

in the case of Moazed v. First Union

Docket No.3:02 CV 91 (EBB)                  the property known as 367 West Hill Road, Stamford,

Connecticut

is being sold at public auction on Saturday, December 4, 2004              at              Noon. The property
is legally described in Attachment A, to be supplied by the committee from the mortgage deed.
The sale is subject to approval by the Court.

Anyone wishing to participate in the bidding, except the foreclosing plaintiff, must register with the Committee
prior to the auction and present for the Committee's examination a certified or bank check in the amount of
(Amount of Deposit) $81,500        (Amount of Deposit in words- eighty one thousand, five hundred )

Qualified bidders will be issued numbers, and bidding will be conducted and recorded by those numbers. The
successful bidder will be required to deposit the check with the Committee at the conclusion of the auction,
except the counterclaim Plaintiff, first Union Mortgage corporation, n/k/a Wachovia Mortgage Corporation.
A report of the results of this auction will be submitted promptly to the Court for approval. The successful bidder
must be prepared to pay the balance of the purchase price within thirty (30) days after the approval of the sale.
The deposit may be ordered forfeited if the successful bidder fails to complete the transaction within the thirty-
day period.

The property is being sold "as is," subject to no contingencies whatsoever. The Committee makes no
warranties, either express or implied, concerning the property's condition, and no adjustments will be made for
any defects that may be discovered after this date. The Committee makes no representations of any kind as to
the environmental condition of the property. <u>All bids are to be made based on the bidder's own information and
knowledge of the property, learned through his or her own efforts, and not on any representation or comments
made by the Committee.</u>

The property is being sold free and clear of the liens(s) being foreclosed, and of all interests subsequent in right
to that lien. The property is being sold subject to:

A.) All taxes due the city of                      not foreclosed by this action. The Tax Collector has
advised the Committee that the outstanding balance on these taxes is $          plus accruing interest.

The Committee makes no representations as to the accuracy of this information.

B.) Water and Sewer use charges not foreclosed by this action. The Regional Water Authority and the Water
Pollution Control Authority have advised the Committee that the outstanding balance on these charges total
$                        .
plus accruing interest. The Committee makes no representations as to the accuracy of this information.

*(continued on*
*back/page 2)*

C.) All building and zoning regulations of the the city of                    which affect this
property.

D.) All building lines, easements, restrictions and all other matters concerning this property which appear of
record.

E.) The rights of any person in possession or occupancy of the property who have not been made parties to this
foreclosure action.

F.) The right of the United States of America to redeem the property, if aplicable under Federal law.

G.) Any other liens on this property which have not been foreclosed by this action.

The risk of loss or damage to these premises is to be borne by the successful bidder, who should purchase
sufficient property insurance to protect his or her interest in the property.

Any additional information, including but not limited to special features and other information regarding the
property,
is included as Attachment

Committee for Sale (Name)

CC: John P. Regan,Esq.
1200 Summer Street
Stamford, CT 06905

M. Dean Montgomery,Esq.
Bentley Mosher Babson & Lambert, PC
321 Railroad Avenue
P.O. Box 788
Greenwich, CT 06836

Parviz Sepahbodi
5225 Pooks Hill Road
Suite 1215
North Bethesda, MD 20814

Geoffrey K. Milne

```
                            ***  TX REPORT  ***
                            *********************

          TRANSMISSION OK

          TX/RX NO               4200
          CONNECTION TEL                 912122592093
          SUBADDRESS
          CONNECTION ID
          ST. TIME               07/13 13:29
          USAGE T                01'06
          PGS.                      2
          RESULT                 OK
```

# Hunt Leibert

Hunt Leibert Jacobson, P.C.
Attorneys at Law
Hartford & Fairfield, Connecticut

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

July 13, 2005

**THIS IS AN EFFORT TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.**

<u>Via facsimile 212-259-2093</u>
Farzad Moazed

Re: 367 West Hill Road, Stamford, CT

Dear Farzad:

In accordance with your requests, enclosed is the escrow breakdown in this case, as provided by our client:

7/12/05    tax        $5,266.33



Hunt Leibert Jacobson, P.C.
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

July 13, 2005

**THIS IS AN EFFORT TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.**

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill Road, Stamford, CT

Dear Farzad:

In accordance with your requests, enclosed is the escrow breakdown in this case, as provided by our client:

| Date | Type | Amount |
|---|---|---|
| 7/12/05 | tax | $5,266.33 |
| 12/17/04 | tax | $5,171.31 |
| 7/15/04 | hazard | $1,692.00 |
| 7/2/04 | tax | $5,171.32 |
| 12/17/03 | tax | $5,235.30 |
| 7/4/03 | hazard | $1572.00 |
| 7/11/03 | tax | $5,235.30 |
| 12/23/02 | tax | $4,768.00 |
| 7/23/02 | hazard | $1400.00 |
| 7/5/02 | tax | $4,768.00 |
| 12/13/01 | tax | $4,481.03 |
| 9/5/01 | hazard | $1307 |
| 7/9/01 | tax | $257.33 |

subtotal    $46,324.92

Please advise if you wish to have a new letter issued with figures good through 8/1/05.
Please call me with any questions.

Very truly yours,

Geoffrey K. Milne

```
***       TX REPORT       ***
*********************

TRANSMISSION OK

TX/RX NO                 4218
CONNECTION TEL                   912122592093
SUBADDRESS
CONNECTION ID
ST. TIME                 07/14 09:41
USAGE T                  01'11
PGS.                     2
RESULT                   OK
```



*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

*Geoffrey K. Milne*
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

July 14, 2005

**THIS IS AN EFFORT TO COLLECT A DEBT  ANY INFORMATION**
**OBTAINED WILL BE USED FOR THAT PURPOSE**

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill road, Stamford, CT

Dear Farzad

In accordance with our conversation yesterday, below is a breakdown provided by our
client of the interest calculation on this loan, as you will see, the interest calculation is
accurate.



*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax:  (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

July 14, 2005

**THIS IS AN EFFORT TO COLLECT A DEBT  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill road, Stamford, CT

Dear Farzad

In accordance with our conversation yesterday, below is a breakdown provided by our client of the interest calculation on this loan, as you will see, the interest calculation is accurate.

Interest is calculated as follows.

(Principal x Interest rate) / 360 x 30   will give the average monthly per diem.

( 533817.87 x 9.0% ) /360 x 30 = 4003.634025  per month

-------------------------------------------------------------------------------

Average monthly interest is 4003.63 per month

**4/01 to 3/02 is 12 months  or 365 days**

**4/02 to 3/03 is 12 months  or 365 days**

4/03 to 3/04 is 12 months   or 366 days

4/04 to 3/05 is 12 months or  365 days

4/05  to 6/30/05 is 3 months or  91 days

07/01/05 to 07/21/05 or 21 days

-----------------------------------------------------------

51 whole months and 21 days in JULY   or  a total of 1573 days

----------------------------------------------

4003.63 x 51 months is 204,185.34

to this we add 21 days of per diem at 131.63 each or 2764.23 for July 1 to July 21

131.63x21 =2764.23

Based upon our communications on this issue, I think we have more than satisfactorily answered the questions interposed by you regarding interest on three occasions. I further note that the lender advises that there is an $18,771.76 shortfall on the proposed refinance. That is not consistent with what you have indicated to me so far, as recent as our conversation yesterday.

Very truly yours,

Geoffrey K. Milne

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            1087
CONNECTION TEL              912122592093
CONNECTION ID
ST. TIME            07/25 15:00
USAGE T             00'22
PGS. SENT           2
RESULT              OK
```



**Hunt Leibert**

*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

July 25, 2005

## THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill Road, Stamford, Connecticut

Dear Farzad:

This letter is intended as a reply to your letters of July 14 and 16, 2005. My delay in responding to those two letters stems from a cancer diagnosis involving my wife, which has necessitated my involvement, with a diagnosis of July 12, 2005.

First, any assertions by you in your letters that the interest calculation is incorrect is simply wrong. The breakdown of interest provided to you in my letter of July 14, 2005 computes interest from the date of the default forward. Accordingly, your challenge to the interest computations is incorrect. Therefore, there is no reduction of any interest



Hunt Leibert Jacobson, P.C.
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

July 25, 2005

## THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill Road, Stamford, Connecticut

Dear Farzad:

This letter is intended as a reply to your letters of July 14 and 16, 2005. My delay in responding to those two letters stems from a cancer diagnosis involving my wife, which has necessitated my involvement, with a diagnosis of July 12, 2005.

First, any assertions by you in your letters that the interest calculation is incorrect is simply wrong. The breakdown of interest provided to you in my letter of July 14, 2005 computes interest from the date of the default forward. Accordingly, your challenge to the interest computations is incorrect. Therefore, there is no reduction of any interest claimed.

Second, my client has a claim for $3,421.00 in interest on the escrow advances, which was never a part of the prior payoff letters to you.

Third, as set forth in my letter to you of July 13, 2005, the escrow balance has increased to $46,324.92

We will issue a revised payoff letter to you, knowing and recognizing that the lender in your proposed refinance identifies a shortfall to close of over $18,000. Recognizing that shortfall, we will need to proceed to file a motion with the Court to re-set the sale date.

I am happy to discuss this matter with you further if you wish.

Very truly yours,

Geoffrey K. Milne

```
*************************
***   TX REPORT   ***
*************************

TRANSMISSION OK

TX/RX NO              4411
CONNECTION TEL               912122592093
SUBADDRESS
CONNECTION ID
ST. TIME            07/27 15:48
USAGE T             01'55
PGS.                   3
RESULT              OK
```

# Hunt Leibert

*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

*Geoffrey K. Milne*
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

July 27, 2005

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill Road, Stamford, CT

Dear Farzad:

Enclosed is a revised **payoff** letter in connection with the above matter.

Very truly yours,



Hunt Leibert Jacobson, P.C.
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

*Geoffrey K. Milne*
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

July 27, 2005

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill Road, Stamford, CT

Dear Farzad:

Enclosed is a revised payoff letter in connection with the above matter.

Very truly yours,

Geoffrey K. Milne



Hunt Leibert Jacobson, P.C.
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 808-0606

July 27, 2005

*VIA FACSIMILE: (631) 370-1207*
*Attn: Lisa Rotolo*

Re:   Everhome Mortgage Company
      Vs. Farzad Moazed, et al
      Loan No. 0000038562
      Property: 367 West Hill Road, Stamford, CT

Dear Ms. Rotolo:
        Pursuant to your request, the following is the amount needed to pay off the mortgage loan from the above matter through and including August 31, 2005:

| | |
|---|---:|
| Principal balance | $533,817.87 |
| Interest to 8/31/05 ($131.63 Per Diem) | 212,192.39 |
| Escrow/Impound Advance | 48,231.92 |
| Interest on Escrow from 7/1/04 to 8/31/05 @ 9% | 3,881.04 |
| Unpaid Late Charges | 11,192.48 |
| Property Inspections | 396.00 |
| Recording Fee | 13.00 |
| BPO Fee | 115.00 |
| NSF Fees | 60.00 |
| Less: Pre-Acceleration Late Fees | (10,331.52) |
| PIR Fees | 429.00 |
| Attorney's Fees & Costs in Bankruptcy | 1,000.00 |
| Contested Fees & Costs | 31,274.58 |
| Title search fee, including certified copies | 180.00 |
| Court Entry Fee | 190.00 |
| Marshal Fee | 273.55 |
| Appraisal Fees (2) | 670.00 |
| Committee Fees | 2,906.80 |
| Motion to Reopen (A*) | 300.00 |
| Recording Fees-Release of Lis Pendens (A) | 13.00 |
| Overnight Delivery Fee (A) | 15.50 |
| **Total Due as of August 31, 2005** | **$836,820.61** |

**\*PLEASE NOTE:**  Estimates are those fees or costs (Marked as E) for items which have been ordered, but the exact amount of which have not yet been determined.  Anticipated costs are those costs (marked as A) for items which will be ordered prior to the payoff date contained in this letter.  Actual recording fee is subject to passing of pending legislation and any overpayment will be refunded Any fee or cost line item for which a figure of $0.00 is indicated do not apply to your particular loan.  If, for any reason, those anticipated costs have not been incurred prior to receipt of the payoff funds, these anticipated costs will be refunded to you by our office, if received by us, or by our client if received by our client.  To the extent funds are received in payment of such anticipated or estimated items, any excess funds, after payment of the actual charges will be refunded to you as above. **\*\*Please read page two (2) Carefully.\*\***

To:    Lisa Rotolo
Re:    Everhome Mortgage Company
        Vs. Farzad Moazed, et al
Date:  July 27, 2005

**Please be advised the above payoff amount is good only through August 31, 2005. \*\*Our office must be contacted to obtain new figures if payment has not been received in our office by August 30, 2005 at 12:00 P.M.Payment will only be accepted in the form of certified, bank or attorney trustee checks. Accordingly, please issue a bank or certified check, made payable to Hunt Leibert, Trustee. All figures are subject to our client's verification after receipt.\*\***

Our office is not authorized to forbear prosecution of the pending legal actions, unless and until our client instructs us to do so. As the pending action continues, you should be advised that additional legal fees and costs may accrue on the matter, as the lender's position must be protected. **Specifically not included in the above figures are any fees and costs that might have been incurred by a committee appointed by the Court in the foreclosure. If applicable, we would need written verification from the committee that any fees and costs incurred by him have been paid before accepting funds.**

As the pending action continues, you should be advised that additional legal fees may accrue on the loan, as the lender's position must be protected.

This is an effort to collect a debt; any information provided will be used for that purpose.

Upon receipt of confirmation from our client that all amounts due have been paid, we will issue a Satisfaction of Judgment, if Appropriate, or withdraw any pending foreclosure proceedings, and release the lis pendens filed at its outset. Should you have any questions or comments in connection with the above, please call me or the reinstatement and payoff department at extension 5109 or 5112.

Very truly yours,

Geoffrey Milne

GF/Mmb
CC:    Everhome Mortgage Company

```
************************
***** TX REPORT *****
************************

TRANSMISSION OK

TX/RX NO                    4097
CONNECTION TEL                      912122592093
SUBADDRESS
CONNECTION ID
ST. TIME                   07/01 09:15
USAGE T                    01'14
PGS.                       3
RESULT                     OK
```

# Hunt Leibert

*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

*Geoffrey K. Milne*
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

June 29, 2005

**Via facsimile 212-259-2093**
Farzad Moazed

**THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

Re: 367 West Hill Road, Stamford, Connecticut

Dear Mr. Moazed:

In connection with legal fees, you have asked our client to waive certain legal fees. They are not prepared to waive any legal fees incurred in connection with this loan and the lengthy litigation history involved in it, which also included entry of an order of sanctions for bad faith pleading and a finding of contempt related to the transfer of property. The court has already approved legal fees and costs of $29,129.58 as of last summer. As further discussed, I was not involved in the bankruptcy portions of the case but there were legal fees and costs incurred for that portion of the case of $1,000. In addition, there were

# Hunt Leibert

*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax:  (860) 240-9240
gmilne@hlcj.com

June 29, 2005

**Via facsimile 212-259-2093**
Farzad Moazed

**THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

Re: 367 West Hill Road, Stamford, Connecticut

Dear Mr. Moazed:

In connection with legal fees, you have asked our client to waive certain legal fees. They are not prepared to waive any legal fees incurred in connection with this loan and the lengthy litigation history involved in it, which also included entry of an order of sanctions for bad faith pleading and a finding of contempt related to the transfer of property. The court has already approved legal fees and costs of $29,129.58 as of last summer. As further discussed, I was not involved in the bankruptcy portions of the case but there were legal fees and costs incurred for that portion of the case of $1,000. In addition, there were committee fees and expenses of $2,906.38 for the aborted sale, based upon the bankruptcy filing on the eve of the sale. You have asked for a breakdown of legal fees since the August 17, 2004 hearing, which are as follows for work I performed only (not the proceedings in bankruptcy):

9/8/04     Draft letter to E. Kellaher     .3  $45.00

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/17/04 | prepare transcript order form | .3 | $45.00 |
| 9/24/04 | Draft judgment file | .7 | $105.00 |
| 9/28/04 | Draft objection to motion to reopen | .7 | $105.00 |
| 9/29/04 | prepare for, travel to and attendance at hearing | 5.4 | $810.00 |
| 11/12/04 | review and prepare payoff letter | .7 | $105.00 |
| 11/30/04 | review status of return of appraisal | .2 | $30.00 |
| 11/30/04 | review bankruptcy petition | .2 | $30.00 |
| 11/30/04 | review bankruptcy schedule | .3 | $45 |
| 12/1/04 | review bankruptcy issues | .3 | $45 |
| 12/29/04 | communication with title company on status of foreclosure and title issues | .4 | $60 |
| 1/19/05 | Draft letter to E. Kellaher re: scheduling order | .3 | $45.00 |
| 2/23/05 | review settlement proposal | .3 | $45.00 |
| 2/24/05 | telephone conference with F. Moazed re: escrow | .3 | $45.00 |
| 6/21/05 | communication with borrower and proposed lender | 1.5 | $225.00 |
| 6/22/05 | Draft letter to borrower | 1.4 | $210.00 |
| 6/29/05 | Draft letter to borrower | 1.0 | $150.00 |
| | | | $2,145.00 |

In connection with the escrow, the lender has paid $34,994.89 in taxes, plus hazard insurance of $6,063.70. This is a total of $41,058.59. As we discussed , we are permitted interest at 9% on these amounts, which is $3,421 through July 22, 2005. This sum will be added to the revised payoff figure. We do not have the breakdown of the taxes and insurance but should have it later today.

My client again has confirmed for the second time that the interest calculations on the loan are correct. You computed interest from May 1, 2001, but that is incorrect. The date of interest begins on April 1, 2001.

Finally, I note that you wrote to the District Court but failed to identify my June 22, 2005 letter to you. I trust you understand the implications of a material misstatement to a federal court.

Please let me know if you have any further questions. Upon receipt of the escrow breakdown, we will issue a new payoff letter with the increased amounts as set forth herein.

Very truly yours,

Geoffrey K. Milne

```
*********************
***   TX REPORT   ***
*********************


                TRANSMISSION OK

                TX/RX NO              0031
                CONNECTION TEL              912122592093
                SUBADDRESS
                CONNECTION ID
                ST. TIME              09/21 09:10
                USAGE T               01'24
                PGS.                  3
                RESULT                OK
```



Hunt Leibert Jacobson, P.C.                    50 Weston Street
Attorneys at Law                               Hartford, CT 06120
Hartford & Fairfield, Connecticut              Telephone: (860) 241-1650

Geoffrey K. Milne
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com


                          September 21, 2005


**Via facsimile 212-259-2093**
Farzad Moazed


Re: 367 West Hill Road, Stamford, CT

Dear Farzad:

Enclosed you will find a payoff statement good through the end of this month. Based upon my conversation with Attorney Patrick Crook, it is my understanding that any issues such as the debt which were addressed at the time of the judgment last year are not going to be re-addressed.

We previously provided to you, by letter dated June 29, 2004, a breakdown of all attorneys fees incurred since the date of judgment, exclusive of the bankruptcy proceedings.



*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

*Geoffrey K. Milne*
Direct Dial: (860) 240-9140
Direct Fax: (860) 240-9240
gmilne@hlcj.com

50 Weston Street
Hartford, CT 06120
Telephone: (860) 241-1650

September 21, 2005

**Via facsimile 212-259-2093**
Farzad Moazed

Re: 367 West Hill Road, Stamford, CT

Dear Farzad:

Enclosed you will find a payoff statement good through the end of this month. Based upon my conversation with Attorney Patrick Crook, it is my understanding that any issues such as the debt which were addressed at the time of the judgment last year are not going to be re-addressed.

We previously provided to you, by letter dated June 29, 2004, a breakdown of all attorneys fees incurred since the date of judgment, exclusive of the bankruptcy proceedings.

Please let me know if there is any additional information that you need.

Very truly yours,

Geoffrey K. Milne



*Hunt Leibert Jacobson, P.C.*
*Attorneys at Law*
*Hartford & Fairfield, Connecticut*

50 Weston Street
Hartford, CT 06120
Telephone: (860) 808-0606

September 13, 2005

*VIA FACSIMILE: (631) 370-1207*
*Attn: Lisa Rotolo*

Re:    Everhome Mortgage Company
       Vs. Farzad Moazed, et al
       Loan No. 0000038562
       Property: 367 West Hill Road, Stamford, CT

Dear Ms. Rotolo:
    Pursuant to your request, the following is the amount needed to pay off the mortgage loan from the above matter through and including September 30, 2005:

| | |
|---|---:|
| Principal balance | $533,817.87 |
| Interest to 9/30/05 ($131.63 Per Diem) | 216,327.65 |
| Escrow/Impound Advance | 48,231.92 |
| Unpaid Late Charges | 11,407.72 |
| BPO Fee | 115.00 |
| NSF Fees | 60.00 |
| Less: Pre-Acceleration Late Fees | (10,546.76) |
| PIR Fees | 429.00 |
| Attorney's Fees & Costs in Bankruptcy | 1,000.00 |
| Contested Fees & Costs | 31,919.58 |
| Title search fee, including certified copies | 180.00 |
| Court Entry Fee | 190.00 |
| Marshal Fee | 273.55 |
| Appraisal Fees (2) | 670.00 |
| Committee Fees | 2,906.80 |
| Motion to Reopen (A*) | 300.00 |
| Recording Fees-Release of Lis Pendens (A) | 43.00 |
| Overnight Delivery Fee (A) | 15.50 |
| **Total Due as of September 30, 2005** | **$837,340.83** |

    **\*PLEASE NOTE:** Estimates are those fees or costs (Marked as E) for items which have been ordered, but the exact amount of which have not yet been determined. Anticipated costs are those costs (marked as A) for items which will be ordered prior to the payoff date contained in this letter. Actual recording fee is subject to passing of pending legislation and any overpayment will be refunded Any fee or cost line item for which a figure of $0.00 is indicated do not apply to your particular loan. If, for any reason, those anticipated costs have not been incurred prior to receipt of the payoff funds, these anticipated costs will be refunded to you by our office, if received by us, or by our client if received by our client. To the extent funds are received in payment of such anticipated or estimated items, any excess funds, after payment of the actual charges will be refunded to you as above. **\*\*Please read page two (2) Carefully.\*\***

To:    Lisa Rotolo
Re:    Everhome Mortgage Company
       Vs. Farzad Moazed, et al
Date:  September 13, 2005

**Please be advised the above payoff amount is good only through September 30, 2005.  \*\*Our office must be contacted to obtain new figures if payment has not been received in our office by September 29, 2005 at 12:00 P.M.Payment will only be accepted in the form of certified, bank or attorney trustee checks.  Accordingly, please issue a bank or certified check, made payable to Hunt Leibert, Trustee.  All figures are subject to our client's verification after receipt.\*\***

Our office is not authorized to forbear prosecution of the pending legal actions, unless and until our client instructs us to do so.  As the pending action continues, you should be advised that additional legal fees and costs may accrue on the matter, as the lender's position must be protected. **Specifically not included in the above figures are any fees and costs that might have been incurred by a committee appointed by the Court in the foreclosure.  If applicable, we would need written verification from the committee that any fees and costs incurred by him have been paid before accepting funds.**

As the pending action continues, you should be advised that additional legal fees may accrue on the loan, as the lender's position must be protected.

This is an effort to collect a debt; any information provided will be used for that purpose.

Upon receipt of confirmation from our client that all amounts due have been paid, we will issue a Satisfaction of Judgment, if Appropriate, or withdraw any pending foreclosure proceedings, and release the lis pendens filed at its outset.  Should you have any questions or comments in connection with the above, please call me or the reinstatement and payoff department at extension 5109 or 5112.

Very truly yours,

Geoffrey Milne

GF/Mmb
CC:    Everhome Mortgage Company

<u>CERTIFICATION</u>

I hereby certify that a copy of the above was mailed by us mail, postage prepaid, on this 22ND day of September , 2005 to the following counsel and pro se parties of record:

Farzad Moazed
210 River run
Greenwich, CT 06831

John P. Regan
1200 Summer Street
Stamford, CT 06905

M. Dean Montgomery
Bentley Mosher Babson & Lambert
321 Railorad Avenue
P.O. Box 788
Greenwich, CT 06836

Geoffrey K. Milne