08/24/2005

## DISCREPANCIES

I first would like to thank the Court for arranging this status conference so that we can resolve our differences and to get on with this refinancing at last.

The thrust of my response to Mr. Milne's 2 pay-off letters (copies attached) dated 06/14 & 07/27, respectively, is to illustrate and demonstrate the existing discrepancies between our numbers. Furthermore, as you will observe below, in each of my responses, I clearly show my calculations or methods by which I have arrived at my figures and/or estimates.

I. LEGAL FEEES:

The first serious discrepancy occurs in regards to Mr. Milne's legal fees. As you will note, Mr. Milne has stated in pay-off letter dated 06/14: Contested Fees (attorney) $34,251.38 Then, in his pay-off letter dated 07/27, he has stated: $31,274.58 for attorneys fees. And finally, in his Objection to Motions Addressed to Debt (copy attached) dated August 4th, under item (8), Mr. Milne has indicated under attorneys fees, and I quote: "…..with a breakdown of attorneys fees incurred since August 17, 2005, which sum totaled $2,145, plus $1,000 for the bankruptcy proceedings." Therefore, the 3rd number for the attorneys fees, Mr. Milne has provided is: $2,145+$1,000=$3,145. So, my first question to Mr. Milne is that which is the true attorneys fees $3,145, $31,274.58 or $34,251.38 or some other amount closer to my estimate of $22,912.50.

I truthfully am baffled as how Mr. Milne has come up with the amounts of $34,251.38 or $31,274.58 for attorneys fees. In his August 4, 2005, "Objection to Motion Addressed to Debt", under item (2), Mr. Milne has provided through August 17, 2004, $21,150 for attorneys fees. The Court rendered its judgment in this case in September of 2004. In November of 2004, I filed for Chapter 13 bankruptcy. Can Mr. Milne explain and account for the existing discrepancies between $21,150 of attorneys fees through August 17, 2004 and $34,251.38 in pay-off letter of 06/14/05 or $31,274.58 in pay-off letter of July 27, 2005 which is overstated by $13,101.38 and $10,124.58, respectively, over a period of just 1 to 3 months, especially since the bulk of his legal work had been completed due to the final decision of the Court rendered in September of 2004.

Then, the lingering question remains as to how could he have complied attorneys fees of either $10,124.58 or $13,101.38 in just one to 3 months. As Mr. Milne has stated in his "Objection to Motion Addressed to Debt" item (2), his legal fees through August 17, 2004, amounted to $21,150. Or roughly for a period of 3 years, where the concentrated bulk of this case occurred, Mr. Milne's legal fees amounted to $7,050 per annum, on average, the prior 3 years. Then, how would one explain this huge and sudden jump in his legal fees in such a short time. Mr. Milne has explained that a number between $7,000 to

$8,000 of these fees were approved by the Court. Even if one were to accept his explanation (pending confirmation of his assertion), we still would run into a shortfall of between $3,000 to $4,000 for the lesser amount provided for the legal fees.

Regarding Mr. Milne's legal fees, the final assessment is in the hands of the Court, because truthfully, I cannot determine the true existing discrepancy. One fair way of making this assessment, in my opinion, would be to award a quarter of the average annual legal fees during the prior 3 years or ($7,050x1/4) or $1,762.50. And thus, his total attorneys fees, in my best estimate, would add up to:
$21,150+$1,762.50=$22,912.50 and not $31,274.58 or $34,251.38.

In conclusion, the existing discrepancy for the attorneys fees to the best of my estimation would be: $31,274.58-$22,912.50=$8,362.08

II. ESCROW/IMPOUND ADVANCE:

My Calculation:

$41,058.69(appears in Mr. Milne's first pay-off letter dated 06/14)+$949.67=$42,008.36

Explanation of calculation: If we were to divide $5,266.33(Mr. Milne's letter dated July 13th, copy attached) by 183 days (or 6 months for one escrow payment) = $28.78 per day. From July 22nd (Mr. Milne's first pay-off letter calculations based) to 08/25/05 or today's date is 33 days x $28.78=$949.67 amount of required escrow to 08/25 to be added to $41,058.69

His Calculation:

Provided in his latest pay-off letter dated July 27$^{th:}$  $48,231.92

Worst Case Calculation:

$41,058.69+$5,266.33=$46,324.02   Therefore, we have 2 different existing discrepancies for the escrow amount (my letter addressed to the Court dated August 8, copy attached). Depending on the method of calculation utilized, the maximum discrepancy between our numbers for the escrow amount is $6,223.56 or the minimum amount is $1,906.90.

As I stated in my letter dated August 8, 2005, to the Court (copy attached), Mr. Milne's method used to calculate the escrow amount, if calculated to January 06, would be double-counting the escrow requirement against us. Therefore, the existing discrepancy between our numbers for the escrow amount is: $6,223.56

III. INTEREST:

My Calculation:

From 05/01/2001(representation made by Mr. Milne's own law firm before the bankruptcy Court on April 15, 2005, regarding the starting date of mortgage arrears calculation from 05/01/01, page 2) & according to my best available data, to 08/25/2005 or today's date, 1576 days x $131.63=$207,448.88

His Calculation:

$212,192.39, pay-off letter dated 07/27

The existing discrepancy for interest in our numbers is, therefore, $212,192.39-$207,448.88=$4,743.51

IV. INTEREST ON ESCROW FROM 07/01/04 TO 08/31/05:

$3,881.04

In his Objection to Motion Addressed to Debt letter to the Court dated August 4, 2005, item (7), Mr. Milne asserts that the interest on the escrow amount was granted by the Court. I would first like a confirmation of this assertion. Also, my letter addressed to Mr. Milne (copy attached) dated July 30, 2005, in the second item, I rhetorically ask Mr. Milne and I quote "You mean to say that had we closed on this refinancing with the June 14th pay-off amount, you would have left out this amount of $3,881.04?" Now, suddenly Mr. Milne remembers to include the interest on escrow amount which he had left out in his pay-off letter of 06/14, before.

Finally, in my letter dated 07/30/05, I inquired about 2 other smaller items in the amounts of $430.48 (item 1) regarding the sudden rise in the amount of unpaid charges covering just 43 days & the PIR fee increase to $429( item 3) from $24.75, again in just 43 days, to which I never received a reply.

In conclusion, as the Court can observe, there exist a number of discrepancies between our numbers. I would like to thank the Court for providing the time to address these differences.

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: MR. PATRICK CROOK | FROM: ZOD MOAZED |
| COMPANY: HUNT LEIBERT | DATE: 09-08-05 |
| FAX NUMBER: 860-240-9240 | TOTAL NO. OF PAGES INCLUDING COVER: 02 |
| PHONE NUMBER: 860-240-9140 | SENDER'S REFERENCE NUMBER: |
| RE: RESPONSE | |

☐ URGENT   X FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Mr. Crook:

As of this writing, I have not received a communication from you regarding the instructions judge Burns gave you during our Status Conference on 08/25/05.

I would appreciate a response, as both the mortgage company and me are & have been awaiting anxiously to proceed with this refinancing since 06/14/05.

Sincerely,

*Fozod Moazed*
Zod Moazed

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: JEFF MILNE | FROM: ZOD MOAZED |
| COMPANY: HUNT LEIBERT | DATE: 09-22-05 |
| FAX NUMBER: 860-240-9240 | TOTAL NO. OF PAGES INCLUDING COVER: 02 |
| PHONE NUMBER: 860-240-9140 | SENDER'S REFERENCE NUMBER: |
| RE: PAY-OFF AMOUNT | |

☐ URGENT   X FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Jeff:

I am in receipt of your fax dated 09/21/05.

For your information, during our Status Conference with judge Burns & your associate, Patrick Crook, on 08/25/05, near the end of this meeting, judge Burns turned to me and asked me as how much do I think the pay-off amount ought to be. I responded based on my best calculation, spelled out succinctly in my 3-page paper titled "DISCREPANCIES," that it should be between $819,000-820,000.

A copy of my calculation paper "DISCREPANCIES" was given to judge Burns and Patrick Crook at the beginning of our status conference. Then, judge Burns turned to your colleague, Patrick, and ordered him to provide your firm's pay-off letter in her Chamber by September 2, 2005.

Disregarding this most recent 19 day delay on top of all the previous ones from your side, starting with the first pay-off letter dated 06/14/05, again, the math is quite easy to calculate:

If we were to take $819,500 as the mid-point accepted pay-off amount presented before judge Burns, since there were no objections to my calculations from your side, and especially since, your response is 19 days late even though you were ordered by the Court to provide your response by

September 2nd, then all we have to do is to add 36 days (to end of September) of interest & escrow amounts to $119,500.

Thus, 36 days x $131.63 daily interest=$4,738.68 plus 36 days x $28.78 daily escrow=$1,036.08 or a total of $5,774.76 should be added to $819,500 for a grand total pay-off amount of $824,774.76.

Thus, if this amount of $824,774.76 good through the end of September 05 as the fair and equitable pay-off amount is acceptable to you, then we have a deal & let's proceed as soon as possible.

Sincerely,

Fazod Moazed