JANET MOAZED                                3:02 CV 91 (EBB)

V.                                          2005 NOV 23  P 2: 49

FIRST UNION MORTGAGE CORPORATION            November 21, 2005

**PROPOSED JUDGMENT FOR AN ACCURATE AND EQUITABLE PAYOFF AMOUNT**

I, Farzad Moazed, the note-holder, would like to bring to the attention of the Court, two separate and pertinent issues at the heart of the existing discrepancy between my calculated final payoff amount and that of the opposing counsel, Mr. Milne.

I therefore respectfully ask the Court to consider the points I raise below, as I strongly feel that I am a victim of an attempt by a crafty attorney to railroad me by twisting the truth both in the illustration of the numbers as well as making untruthful accusations about me, like the one he did in Court last Monday 11/14, during Pending Matters, accusing me of trying to abduct the children to Iran. Whereas I already had informed Mr. Milne of the fact that I had been given political asylum in the U.S. and for me to abduct the children to Iran would be tantamount to suicide for the three of us, not to mention the crime associated with abduction.

As the Court may recall, during our 11/14 meeting on Pending Matters, I tried to cite the general Statute regarding the request for payoff statement. The Statute is:

(General Statutes, TITLE 49 MORTGAGE AND LIENS CHAPTER 846 MORTGAGES Sec. 49-10a. Request for payoff Statement, copy enclosed) clearly states and I quote:

"….at least ten business days from the date of receipt of the written request for a payoff statement. If the mortgagee fails to provide such payoff statement on or before such request date, the moetgagee shall not be entitled to the payment of any interest on the mortgage loan which is secured by such mortgage which accrues after the expiration of such request date."

As I will demonstrate for the Court below, Mr. Milne failed to comply with the above-referenced Statute twice, once in June, and the second time, in September.

Upon my initial request, I received the first payoff statement from Mr. Milne on June 14, 2005 (copy enclosed). Subsequent to the receipt of the June 14th statement, on June 22, 2005, I requested from Mr. Milne a complete breakdown of all the numbers in the statement (copy enclosed). Ten business days from my written request of 06/22/05, would have been July 13th. On July 27, 2005, or two weeks late, I received Mr. Milne's reply (copy enclosed). This was Mr. Milne's first infraction in not complying with the Statute.

The second failure occurred right before Your Honor. As You may recall, during our Status Conference of August 25th, you instructed Mr. Crook to provide the payoff statement by September 2nd. As the copy of Mr. Milne's response clearly reveals, he provided his response to the Court on September 21st. Not only that he failed to comply with the Court's order in a timely manner, but also, he failed to comply with the Statute, as his response was 19 days late and beyond the 10-business day limit.

Consequently, as a result of Mr. Milne's failure to comply in a timely manner with the Court's order and with the Statute, not only once, but twice, the Wachovia Bank has then forfeited its rights to receive interest 10 business days after the first infraction which occurred on 06/22/05.

Therefore, by my calculation, from July 13, 2005 or 10 business days after the start of the initial infraction to November 30, 2005, there are 139 days at $131.63 per day or $18,296.57, the whole of which, the Wachovia Bank has forfeited, according to the Statute.

The second reason that I feel that I am being railroaded is the following:

If we were to use Mr. Milne's own payoff statement dated 09/13/05 and received on 09/21/05 (copy enclosed) verbatim, and adjusting for Mr. Milne's Escrow amount of $48,231.92 to $45,375.69 (as I raised the issue before Your Honor and you appeared in concurrence with me on this point), then we should reduce Mr. Milne's Escrow amount of $48,231.92 by $2,856.23.

Therefore, in order to reach a final payoff statement through 11/30/2005, taking Mr. Milne's payoff statement of 09/13/05, and adjusting for the proper additions and deletions, the final payoff amount should look something like this:

| | | |
|---|---|---|
| Mr. Milne's Payoff statement received 09/21/05 | | $837,340.83 |
| Allow for reduction of the Escrow amount: | -$2,856.23 | |
| Allow for the reduction due to forfeiture: | <u>-$19,836.50</u> | |
| | -$22,692.73 | |
| | | -$22,692.73 |
| Adjusting for Mr.Milne's additional legal fees through 11/30/05: | | +$5,035. |
| Thus, after all of these adjustments, my final payoff amount comes to: | | <u>$819,683.10</u> |

In conclusion, I respectfully request that the Court seriously weigh the points that I have made in the foregoing regarding the Statute and the adjustment of the Escrow.

Please forgive me if due to lack of legal knowledge, I may have consumed too much of the Court's time. I hope for a fair and equitable resolution in this matter.

Sincerely,

*[signature]*

Fazod Moazed

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed or hand-delivered, postage prepaid, on November 21, 2005 to the followings:

Dean Montgomery, Esq.
Bentley, Mosher, Babson & Lambert, PC
321 Railroad Avenue
Greenwich, Ct. 06836

Jeff Milne, Esq.
Hunt Leibert Jacobson, PC
Attorneys at Law
50 Weston Street
Hartford, Ct. 06120

*Zod Moazed   Pro Se*

**General Statutes**
**TITLE 49 MORTGAGES AND LIENS**
**CHAPTER 846 MORTGAGES**
**Sec. 49-10a. Request for payoff statement.**

**Sec. 49-10a. Request for payoff statement.**

A mortgagee shall, upon written request of the mortgagor or the mortgagor's attorney or other authorized agent provide a **payoff** statement in writing to the person requesting such statement on or before the date specified in such request, provided such request date is at least ten business days from the date of receipt of the written request for a **payoff** statement. If the mortgagee fails to provide such **payoff** statement on or before such request date, the mortgagee shall not be entitled to the payment of any **interest** on the mortgage loan which is secured by such mortgage which accrues after the expiration of such request date. If the mortgagee provides the **payoff** statement to the person requesting the same after the expiration of such request date, **interest** on the mortgage loan which accrues after the receipt of such **payoff** statement by the person who has requested it shall again be payable. The burden of proof shall be on the mortgagor with respect to the receipt by the mortgagee of the mortgagor's request for a **payoff** statement of the mortgage loan, and thereafter shall be on the mortgagee with respect to the receipt of the **payoff** statement by the mortgagor or the mortgagor's attorney or other authorized agent. The mortgagee shall not impose any fee or charge for the first **payoff** statement requested within a calendar year, unless the mortgagor or the mortgagor's attorney or other authorized agent requests expedited delivery of the **payoff** statement, agrees to pay a fee for such expedited delivery and the **payoff** statement is provided by the agreed upon date.

(P.A. 83-564, S. 2; P.A. 86-341, S. 2; P.A. 95-102, S. 3; P.A. 01-34, S. 15.)

06/15/2005  21:23   6316643211                         FRANKLIN FIRST FIN
08/15/05  WED 15:51 FAX 5605245602                     H L C & J                                        PAGE



Hunt Leibert Jacobson, P.C.
Attorneys at Law
Hartford & Fairfield, Connecticut

50 Weston Street
Hartford, CT 06120
Telephone: (860) 808-0606

June 14, 2005

VIA FACSIMILE: (631) 370-1207
Attn: Lisa Rotolo

Re:   Everhome Mortgage Company
      Vs. Farzad Moazed, et al
      Loan No. 0000038562
      Property: 367 West Hill Road, Stamford, CT

Dear Ms. Rotolo:

Pursuant to your request, the following is the amount needed to pay off the mortgage loan from the above matter through and including July 22, 2005:

| | |
|---|---:|
| Principal balance | $533,817.87 |
| Interest to 7/22/05 ($131.63 Per Diem) | 206,949.28 |
| Escrow/Impound Advance | 41,058.68 |
| Unpaid Late Charges | 10,762.00 |
| Property Inspections | 396.00 |
| Recording Fee | 13.00 |
| BPO Fee | 115.00 |
| NSF Fees | 60.00 |
| Less: Uncollected Late Fees | (9,801.04) |
| PIR Fees | 24.75 |
| Attorney's Fees & Costs in Bankruptcy | 1,000.00 |
| Contested Fees | 34,251.38 |
| Title search fee, including certified copies | 180.00 |
| Court Entry Fee | 190.00 |
| Marshal Fee | 273.55 |
| Appraisal Fees (2) | 670.00 |
| Committee Fees | 2,906.88 |
| Recording Fee-Release of Lis Pendens (A) | 13.00 |
| Overnight Delivery Fee (A) | 15.50 |
| **Total Due as of July 22, 2005** | **$822,795.26** |

**PLEASE NOTE:** Estimates are those fees or costs (Marked as E) for items which have been ordered, but the exact amount of which have not yet been determined. Anticipated costs are those costs (marked as A) for items which will be ordered prior to the payoff date contained in this letter. Actual recording fee is subject to passing of pending legislation and any overpayment will be refunded. Any fee or cost line item for which a figure of $0.00 is indicated do not apply to your particular loan. If, for any reason, those anticipated costs have not been incurred prior to receipt of the payoff funds, these anticipated costs will be refunded to you by our office, if received by us, or by our client if received by our client. To the extent funds are received in payment of such anticipated or estimated items, any excess funds, after payment of the actual charges will be refunded to you as above. **Please read page two (2) Carefully.**

To: Lisa Rotolo