UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANET MOAZED                                                3:02 CV 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

September 29, 2007

### SECOND AMENDED JUDGMENT OF FORECLOSURE

The parties, Janet Moazed and Defendants, First Union Mortgage Corporation, n/k/a/ Wachovia Mortgage Corporation and Farzad Moazed, appeared in this Court on August 30, 2007, before the Honorable Ellen Burns, Senior District Judge, presiding, and the issues having been duly heard a decision having been duly rendered, a judgment of foreclosure by sale shall enter, with a sale date of November 17, 2007; That the value of the property known as 367 West Hill Road, Stamford, Connecticut was found to be $1,010,000 and the amount of the Defendant-Counterclaim Plaintiff, First Union Mortgage Corporation n/k/a Wachovia Mortgage Corporation's

debt was found to be $852,273.43 to August 30, 2007 as to Farzad Moazed, maker on the note, in accordance with the attached affidavit of debt [the late charges have been reduced from $15,497.26 to $1,937.14, but 17 days of interest to August 30, 2007 were added at $130.70 per day]; further, that interest accrues on the taxes and hazard insurance of $ 61,608.42, plus the principal balance of $530, 051.89, at 9% per annum from the date of Judgment. In addition, the Court awarded, subject to submission of an affidavit, additional legal fees to the Defendant-Counterclaim Plaintiff, First Union Mortgage Corporation, n/k/a Wachovia Mortgage Corporation, which are claimed to be $ 3,375 in accordance with the attached affidavit. The Court also awarded an appraisers fee of $335.

Further, that the Court entered a Judgment of foreclosure by sale, with a sale date of November 17, 2007 at Noon on the premises; that a sign is to be posted by October 15, 2007; that the Plaintiff may submit a fax bid to the committee prior to the sale; that the committee is not to incur any fees or expenses prior to October 1, 2007; that the committee of sale is John Terzis, Esq., 15 Revere Drive, Riverside, Connecticut, 203-637-1216 [fax and phone]; that the committee is to follow the Connecticut Superior Court standing orders on foreclosures with respect to all aspects of this sale, including, but not limited to , procuring insurance for the day of the sale and advertising the sale in the Stamford Advocate. A copy of the standing orders, and the forms to be utilized to conduct the sale, are attached hereto;

That the Defendant-Counterclaim Plaintiff, First Union Mortgage Corporation was awarded attorneys fees of $21,150 to August 17, 2004, plus costs of $7,979.58 to

August 17, 2004; and that in addition to those fees and costs, an additional $3050 in legal fees was awarded, consisting of $1750 for work in the bankruptcy court from December, 2004 to March, 2007, plus legal fees for preparation for and attendance at the foreclosure judgment hearing.

That prior to the instant judgment, on November 14, 2005, the Court held a hearing on Wachovia's Motion to Reopen, and awarded additional attorneys fees of $4,285 plus additional costs of $485.00; that on or about August 30, 2004, the court had awarded legal fees of $21,150 and costs of $7,979.58. The legal fees and costs awarded as part of the Second Amended judgment on August 30, 2007 are in addition to the previously awarded legal fees and costs.

That the Defendant, Parviz Sepahbodi, is not in the military service, in accordance with the enclosed affidavit of non-military service.

So Ordered

Dated at New Haven, ct. on Oct. 5, 2007.

_____
Clerk of the Court

        Defendant-Counterclaim Plaintiff, First Union Mortgage
        Corporation n/k/a Wachovia Mortgage Corporation

        By_____
        Geoffrey K. Milne ct/12854
        Hunt Leibert & Jacobson
        50 Weston Street
        Hartford, CT 06120
        Facsimile 860-240-9240
        860-240-9140
        Gmilne@huntleibert.com

Plaintiff, Janet Moazed

By_____
Dean Montgomery
Bentley Mosher Babson & Lambert
321 Railroad Avenue
Greenwich, CT 06836
(203) 629-2424


Defendant, Farzad Moazed, Pro Se

By_____
Farzad Moazed
210 River Run
Greenwich, CT 06831

<u>CERTIFICATION</u>

I hereby certify that a copy of the above was mailed via us mail, postage prepaid, on this 28th day of September, 2007 to the following counsel and pro se parties of record:

M. Dean Montgomery, Esq.
Bentley Mosher Babson & Lambert
321 Railroad Avenue
P.O. Box 788
Greenwich, CT 06836-0788

Farzad Moazed
210 River Run
Greenwich, CT 06831

Parviz Sepahbodi
5225 Pooks Hill Road, suite 1215
North Bethesda, Maryland 20814

_____
Geoffrey K. Milne/ ct 12854

| | | |
|---|---|---|
| **FORECLOSURE BY SALE**<br>**STANDING ORDERS**<br>JD-CV-79 Rev. 3-03 | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |  |

**Uniform Procedures for Foreclosure by Sale**
Unless otherwise ordered, these are the *Standing Orders for Foreclosures by Sale:*

1. Committee will be appointed by the Court from a list of approved attorneys.
2. Sale will take place at 12:00 noon on the premises.
3. Inspection will occur from 10:00 a.m. to 12:00 noon on the date of sale unless otherwise designated.
4. The deposit is 10% of the fair market value as found by the Court. The deposit is waived for the plaintiff unless requested otherwise. Deposit is to be paid by either bank or certified check. Purchaser is to close within 30 days of the Court's approval of the committee deed. The deposit shall be forfeited if the purchaser fails to close within 30 days of the approval of the committee deed.
5. Advertisement is to be published twice in a newspaper as directed by the court.
6. The sign is to be placed on the premises not less than 20 nor more than 30 days prior to the sale.
7. The size of the sign is to be 3 feet wide and 2 feet high and must contain the following statement:
   **DO NOT REMOVE; VIOLATION SUBJECT TO PUNISHMENT BY THE COURT.**
8. Cost of the sign is not to exceed the amount authorized by the court including preparation, erection and photograph for inclusion in committee report.
9. Committee is authorized to replace the sign once without court approval, provided the sign can be erected at least ten days prior to sale. **DO NOT ERECT THE SIGN YOURSELF.**
10. A disinterested appraiser will be appointed and will, under oath, appraise the property and make return of the appraisal to the Clerk of the Court at least seven days prior to the sale. The court will retain this appraiser.
11. Committee is to obtain liability insurance for the date of the sale in the amount of $1,000,000. Premium not to exceed $250.00.
12. Except for filing an appearance, if the sale is more than two months in the future, the committee should incur no fees or expenses until 45 days prior to the sale.
13. If the sale is cancelled for any reason after publication or erection of the sign, a written announcement of cancellation should be posted at the site. The committee is to remain on site in that event.
14. The following information is to be contained in the Court ordered letter to the nonappearing defendant owner of the equity. a.) Clearly state at the beginning that the letter is being sent at the direction of the Court; b.) State the results of the foreclosure judgment; c.) Inform the nonappearing equity owner that he/she/they risk loss of the equity if he/she/they fail to take steps to protect that equity **AND THAT HE/SHE/THEY SHOULD CHECK WITH THE COURT AFTER THE SALE TO LEARN IF THERE IS ANY MONEY THAT IS DISTRIBUTABLE TO HIM/HER/THEM;** d.) State that the nonappearing party should either file his/her own appearance or have an attorney file one on his/her/their behalf in order to protect his/her/their interest in the equity. This letter is to be sent by the plaintiff via certified mail, return receipt requested. A copy of the letter and later the return receipt should be sent to the Clerk of the Court. **NO SALE WILL BE APPROVED OR FUNDS DISBURSED WITHOUT PROOF OF MAILING.**
15. The sale is subject to any and all liens choate and inchoate which are prior in right to the encumbrance being foreclosed.

**By Order of the Court**

_____ , J.

  

## State of Connecticut Judicial Branch

- Attorneys
- Case Look-up
- Courts
- Directories
- Educational Resources
- E-Services
- FAQ's
- Juror Information
- Online Media Resource Center
- Opinions
- Opportunities
- Self-Help
- Home

SEARCH

# Foreclosure by Sale Uniform Procedures

**Quick Links**

Standing Orders

Superior Court

Superior Court Judges

| Title of Form | PDF | Fillable |
|---|---|---|
| Foreclosure By Sale, Committee Deed, Rev. 12/02 | JD-CV-74 | JD-CV-74 |
| Foreclosure By Sale, Committee Report, Rev. 3/03 | JD-CV-75 | JD-CV-75 |
| Foreclosure Worksheet, Rev. 2/03 | JD-CV-77 | JD-CV-77 |
| Foreclosure By Sale, Presentation Instructions, Rev. 3/03 | JD-CV-78 | N/A |
| Foreclosure By Sale, Standing Orders, Rev. 3/03 | JD-CV-79 | N/A |
| Foreclosure By Sale, Fact Sheet - Notice to Bidders, Rev. 04/03 | JD-CV-80 | JD-CV-80 |
| Uniform Procedures For Foreclosure By Sale Matters, Rev. 1/03 | JD-CV-81 | N/A |

**Effective January 1, 2003**

**Notice Of Application Procedure to Become A Committee in Foreclosure By Sale Matters**

Appointment to committees in foreclosure by sale matters will be on a rotating basis from one of two lists of individuals (described below) kept by the Chief Clerk at each judicial district court location.

To be included on either list, you must submit a resume demonstrating your ability to perform the work required of a committee to the Civil Presiding Judge for the judicial district where you have your office. Persons who are currently on a list must re-apply.

An applicant wishing to be considered for inclusion on a separate list of individuals who have performed special services for the Court, should indicate such special services and the approximate number of hours of such service performed the prior year. Normally, an applicant should have performed twenty (20) hours of pro bono services for the Court in order to qualify for appointment to the "pro bono" list. Persons appointed to the pro bono list must re-apply each year.

The Civil Presiding Judge may delete any name from either list at any time if, for any reason, said Judge does not believe the name belongs on the list.

Joseph H. Pellegrino, Judge

*Chief Court Administrator*

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information |
Media | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Polices and Disclaimers

Copyright © 2007, State of Connecticut Judicial Branch

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANET MOAZED                                                3:02 CV 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
N/K/A WACHOVIA MORTGAGE CORPORATION

V.

FARZAD MOAZED
PARVIZ SEPAHBODI
JANET MOAZED                                                September 17, 2007

## AFFIDAVIT OF MILITARY SERVICE

The undersigned, being duly sworn, hereby deposes and says:

1. I, Kimberly J. Scioscio, am a Paralegal employed by the firm of Hunt Leibert Chester & Jacobson, P.C., am of full age, being duly sworn according to law, upon my oath depose and say:

2. I have personal knowledge that the Defendant(s) Parviz Sepahbodi is/are not now nor within thirty (30) days prior to the institution of this action, not currently on active duty in the military or naval services of the United States of America.

3. I based this knowledge upon the response received from the Department of Defense, Manpower Data Center of the United States America, copy of said responses are attached hereto.

Based on the above I have reason to believe that the Defendant(s), Parviz Sepahbodi is/are not currently on active duty in the military or naval services.

_____
Kimberly J. Scioscio
Affiant

Subscribed and sworn to before me
this 17th day of September, 2007.

_____
Ben Staskiewicz, Esq.
Commissioner of Superior Court

Department of Defense Manpower Data Center                                SEP-05-2007 13:48:19


Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| SEPAHBODI | Parviz | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon* (signature)

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

    See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:IYEXFIOZFO*

DOCKET NO. FST-CV-01-0185505-S : SUPERIOR COURT

**Mortgage Electronic Registration** : JUDICIAL DISTRICT OF
**Systems, Inc.** Stamford/Norwalk
**V.** : AT Stamford

*Farzad Moazed ET AL.* :

## AFFIDAVIT OF DEBT

I, Liquenda Allotey, being duly sworn, depose and say:

1. I am over the age of eighteen years and believe in the obligation of an oath.

2. I am an authorized signer as a ___VP___ on behalf of the Plaintiff in this action.

3. The Plaintiff has the responsibility to accept mortgage payments from the Defendant(s), apply them to the mortgage debt and maintain records of the amount of the debt.

4. I am personally familiar with the books and records utilized to generate payoff statements to determine the amount of the debt owed herein, and have reviewed the account of Janet Rossman a/k/a Janet Moazed, the Defendant(s), in this matter. The books and records utilized to determine the amount of the debt are generated in the usual and ordinary course of business and the information contained therein is entered into the records within a reasonable time after the transaction reflected therein.

5. There is due and owing to the Plaintiff on the Note dated ___8/8/07___ made by the makers thereof, in the original principal amount of 535,000.00, a sum computed as follows:

| | |
|---|---|
| Principal | $ 530,051.89 |
| Interest from 4/1/02 to 8/13/07 at 9.0% per annum<br>Per diem = $130.70 | 255,993.33 |

THIS LAW FIRM IS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

| | |
|---|---|
| Pre- acceleration Late Charges | 15,497.26 |
| Private Mortgage Insurance Premiums | |
| Real Estate Taxes Advanced | 61,608.42 |
| Hazard Insurance Premiums Advanced | |
| Property Inspections | 435.75 |
| Other (<u>Itemized as follows:</u>) | |
|    NSF | 25.00 |
| | |
| TOTAL | $ 863,611.65 |

5. I know of no setoffs or counterclaims to this account.

6. The Plaintiff is not a participating mortgagee under the terms of the Emergency Mortgage Assistance Act, Connecticut General Statutes, Section 8-265cc etseq. Furthermore, funds for said Program are no longer available to mortgagors and pursuant to the provisions of Section 8-265kk, "the foreclosure of mortgages by mortgagees may continue without any further restriction or requirement under the provisions of sections 8-265cc to 8-265kk, inclusive.

*Liquendon Akeley* VP
[Signature & Name of Officer]

Subscribed and sworn to before me this ___8___ day of __August__, 2007.

Notary Public
My Commission expires: 1/31/11

SEAL

Moazed, Farzad

Matthew Allan Banaszewski
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

Loan No.: 038562

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANET MOAZED                                       3:02 CV 91 (EBB)

V.

FIRST UNION MORTGAGE CORPORATION
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

September 26, 2007

**AFFIDAVIT OF ATTORNEYS FEES**

STATE OF CONNECTICUT
                                   Ss: Hartford
COUNTY OF HARTFORD

The undersigned, being duly sworn, hereby deposes and says:

1. I am over the age of 18 and understand the meaning of an oath.

2. The law firm of Hunt Leibert & Jacobson, PC has been counsel for the Defendant-Counterclaim Plaintiff, First Union Mortgage Corporation, n/k/a Wachovia Mortgage Corporation ("Wachovia") throughout this case.

3. I am a Partner at Hunt Leibert, and have personal knowledge of all of the facts in this affidavit.

4. Wachovia incurred legal fees in the bankruptcy case in the following amounts, all of which were on a flat fee basis : $550 for a motion for relief from stay in 2004; $300 to file a proof of claim in 2005; $400 for a motion for relief from stay in March, 2007 and $500 for an amended motion for relief from stay in April, 2007.

5. In addition, Wachovia incurred 6.5 hours of legal time at $250 an hour for the following services, all of which were performed by the undersigned, after the bankruptcy: prepare a motion to reopen the foreclosure judgment; prepare for, travel to and attend hearing to re-enter judgment of foreclosure; prepare foreclosure judgment and affidavit of attorneys fees.

6. Accordingly, Wachovia claims $1750 in legal feeds for the bankruptcy proceedings plus $1625 in attorneys fees after the bankruptcy for a total of $3,375.00.

_____
Geoffrey K. Milne

Subscribed to and sworn before me on this 26th

Day of September, 2007

_____
Notary Public

**M. ANTOINETTE SMITH**
**NOTARY PUBLIC**
MY COMMISSION EXPIRES NOV. 30, 2008

Case 3:02-cv-00091-EBB    Document 196    Filed 10/09/2007    Page 18 of 18